**In the Matter of Carl Phillip KIMBALL, a/k/a Phil Kimball, a/k/a Phillip Kimball, Debtor.**

**Chris C. LARIMORE, Plaintiff,**

v.

**WEYAND & SON, INC., Defendant.**

**Bankruptcy No. 80–00198.**

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Nov. 19, 1981.

M. Jay Lancer, Sarasota, Fla., for plaintiff.

Richard S. Patterson, Tampa, Fla., for defendant.

## MEMORANDUM OPINION ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS IS an action commenced by the Plaintiff who seeks to recover from the Defendant, Weyand & Sons, Inc., the sum of $10,000, which according to the Trustee, is a voidable preference under § 547 of the Bankruptcy Code. The precise question is presented by way of Motions for Summary Judgment filed by both parties. It appears that both the Plaintiff and the Defendant agree that there are no genuine issues of material facts, and this controversy can be resolved as a matter of law, upon an agreed set of facts, which can be summarized as follows:

Carl Phillip Kimball, the Debtor involved in this Chapter 7 liquidation case, was, at the time pertinent to this controversy, indebted to the Defendant, Weyand & Son, Inc. On October 26, 1979, the Debtor purchased a cashier's check from the National Bank of Gulf Gate, in the amount of $10,-000. The cashier's check was delivered by the attorney of the Debtor to the Defendant on October 29, 1979; deposited by the Defendant on October 31, 1979, and stamped "paid" by the Bank on November 23, 1979. The petition for relief was filed by Kimball on February 19, 1980.

The Trustee contends that payment by the cashier's check occurred on November 23, 1979, that is, within 90 days of the date of the bankruptcy petition. He further contends that it was payment on account of an antecedent debt, that the Debtor was insolvent at the time the payment was made, and that if the Debtor retains the $10,000, it would receive more than it would in a distribution under Chapter 7; therefore, the payment is a voidable preference under § 547(b) and the Plaintiff is entitled to recover from the Defendant the sum of $10,000.

The Defendant denies that the transfer occurred within 90 days, but contends that the transfer took place October 26, 1979, when the Debtor purchased the cashier's check, thus it occurred outside of the 90 day protective provision of § 547; therefore, the Plaintiff is not entitled to the relief he seeks.

Although counsel for the parties cite numerous decisions in support of their re-

spective positions, none is really persuasive and on point. Nor does independent research reveal any authoritative text or decision which controls and governs the narrow issue involved in this controversy, which is whether a cashier's check is legally tantamount or equivalent to currency, or merely another form of a check, which is legally not a payment until presented for collection and honored. See *In re Sportsco, Inc.*, 12 B.R. 34 (Bkrtcy.D.Ariz.1981); *In the Matter of Duffy*, 3 B.R. 263 (Bkrtcy.S.D.N.Y.1980); *Fla.Stat.* § 673.410(1).

■ Considering the nature of a cashier's check, this Court is satisfied that there is no legally significant difference between currency and a cashier's check, therefore, it represents payment when delivered. While at first blush it may appear that the purchaser may stop payment by directing the issuing bank not to honor the cashier's check, just as the maker may stop payment on an ordinary check, this is not the case at all. On the contrary, it is established that under *Fla.Stat.* §§ 673.3–413, 673.3–410, 674.4–303 (UCC §§ 3–413, 4–303), a cashier's check is accepted by the very act of issuance. It becomes a primary obligation of the issuing bank rather than the purchaser, and represents an absolute, irrevocable promise of the bank to honor same when presented for collection. Neither the bank nor the purchaser have any authority to countermand the cashier's check after issuance. See *State of Pennsylvania v. Curtiss National Bank of Miami Springs, Florida*, 427 F.2d 395 (5th Cir. 1970); *State ex rel. Chan Siew Lai v. Powell*, 536 S.W.2d 14 (Mo.1976). Thus, whether the Debtor makes payment by currency or by delivery of a cashier's check to the creditor is without legal significance, and is merely a distinction without difference.

Applying the foregoing to the controversy under consideration, it is clear that when the cashier's check was delivered on October 29, 1979, payment by the Debtor on account of the antecedent debt was complete. Whether or not it was honored by the Bank until November 23, 1979, is immaterial. This being the case, it is evident that the transfer occurred in this instance substantially outside of the 90 day protective period provided by the Code, § 547. Accordingly, the Trustee is not entitled to the relief he seeks.

A separate final judgment will be entered in accordance with the foregoing.