In re **SUPER MARKET DISTRIBUTORS CORP., Debtor.**

Charles J. **ARTESANI, Jr.,** Trustee, Plaintiff,

v.

**TRAVCO PLASTICS CO., INCORPORATED, Defendant.**

Bankruptcy No. 82–00048–HL. Adv. No. 82–0744.

United States Bankruptcy Court, D. Massachusetts.

Sept. 23, 1982.

Thomas A. Hickey, Barron & Stadfeld, Boston, Mass., for plaintiff.

Philip L. Goduti, Arlington Heights, Mass., for defendant.

## MEMORANDUM ON PREFERENTIAL TRANSFERS

HAROLD LAVIEN, Bankruptcy Judge.

The trustee seeks to recover certain payments alleging that they were preferences.

This matter was submitted to the court on an agreed statement of facts and no additional evidence was presented. The defendant, Travco Plastics Co., Inc. (Travco), shipped merchandise to the debtor by invoices dated May 25, 1981, June 12, 1981 and June 14, 1981. The debtor received the merchandise on May 29, 1981, June 16, 1981 and June 23, 1981, respectively.

On September 16, 1981, the debtor made an initial payment by check to Travco for those goods. Travco deposited the check on October 19, 1981, and the check was honored by the debtor's bank on October 21, 1981. An additional payment by check was made by the debtor on November 13, 1981 and honored on November 23, 1981. The bankruptcy petition was filed on January 13, 1982.

Travco first argues that the payment by check of September 19, 1981, is not a preference because the check was issued outside of the 90-day preference period (October 13, 1981 to January 13, 1982). However, I find that under the language of § 547(e)(1)(B), the transfer was not made until October 21, 1981 when the check was honored.

Section 547(e)(1) For the purposes of this section—

(B) a transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.

Since the funds in the drawee bank could have been garnished by a creditor on a simple contract prior to the honoring of the

check by the bank on October 21, 1981, the transfer was not complete for preference purposes until that day. *Fitzpatrick v. Philco Finance Corp.,* 491 F.2d 1288, 1293 (7th Cir.1974); *In re Mindy's, Inc.,* 17 B.R. 177 (Bkrtcy.S.D.Ohio 1982); *In re Kimball,* 16 B.R. 201 (Bkrtcy.M.D.Fla.1981); *In re Sportsco, Inc.,* 12 B.R. 34, 35, 7 B.C.D. 1025 (Bkrtcy.D.Ariz.1981); *In re Duffy,* 3 B.R. 263, 265 (Bkrtcy.S.D.N.Y.1980); *see also Klein v. Tabatchnick,* 610 F.2d 1043 (2nd Cir.1979) (check merely request to drawee bank and not assignment of funds); Mass. Gen.Laws ch. 106, § 3–409; 11 U.S.C. § 547(e)(1)(B).

The Court notes that the defendant's position is supported by a recent decision of the Ninth Circuit which held that the date a check was delivered was the date on which payment was complete. *Shamrock Gulf Company v. Richcraft, Inc.,* 680 F.2d 645 (9th Cir.1982). In that case, the court did not analyze § 547(e)(1)(B), but rather relied by analogy on the legislative history relating to when a preference cannot be avoided as a contemporaneous payment.

> (P)ayment is considered to be made when the check is delivered for the purposes of Section 547(c)(1) and (2). Report of Senate Judiciary Committee, 124 Cong.Rec. H11,097 (9/28/78); S17,414 (10/6/78)

The purpose intended is better understood and is consistent with § 547(e)(1)(B) when further legislative history makes clear that the reference is intended to make payment by check capable of being a "contemporaneous exchange".

> Normally, a check is a credit transaction. However, for the purposes of (§ 547(c)(1)), a transfer involving a check is considered to be "intended to be contemporaneous. . . ." House Report No.

95–595, 95th Cong., 1st Sess. (1977) 373–374, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6329.

While a check may be considered the equivalent of cash for § 547(c)(1), with all due deference to the *Shamrock* case, the analogy is not required for § 547(c)(2) when the statute provides its own explicit definition of *transfer* as the date of *perfection.* The transfer, which is the starting point for measuring time under § 547(c)(2), would not be complete by statutory definition until the check was cleared since until that time, the bank was an attachable debtor of the debtor and no transfer of funds had occurred. By standard Uniform Commercial Code law and practice, a check is not a transfer of specific funds but merely an unexecuted order to the bank which in no way curtails the debtor's ability to draw on that credit until the bank acknowledges the order by making the payment. *See Klein v. Tabatchnick, supra; In re Duffy, supra;* Mass.Gen.Laws ch. 106, § 3–409.

■ Travco's second argument is that the payments were made in the ordinary course of business and therefore do not need to be within 45 days of the date the debts were incurred so that the payments fall within 11 U.S.C. § 547(c)(2)(C) and (D),[1] one of the exceptions to the trustee's preference avoiding power. Ledger cards showing invoices and dates of payments were submitted which allegedly showed that the invoices were usually paid within 90 to 120 days of the date of the invoice, though that was not clear. Counsel argued that this was the usual practice and that the 45-day period of § 547(c)(2)(B) was only required if there was not another course of dealing between the parties. No evidence of the usual course of dealing was presented other than

---

1. 11 U.S.C. § 547(c). The trustee may not avoid under this section a transfer—

 (2) to the extent that such transfer was—
 (A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;
 (B) made not later than 45 days after such debt was incurred;

 (C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and
 (D) made according to ordinary business terms;

the ledger cards. Based on this minimal evidence, the Court cannot find that there was any usual course of business or terms between the parties.

 Since I do not find an established practice or usual course of dealing, I do not need to consider whether or not this alone would be an additional exception to the preference avoiding power.[2] Section 547(c)(2)(B) requires that the payment be made not later than 45 days after such debt was incurred. A debt is incurred at the time the services are rendered or the goods delivered. *In re Valles Mechanical Industries, Inc.*, 20 B.R. 350, 9 B.C.D. 334 (Bkrtcy. N.D.Ga.1982); *see also* 4 Collier on Bankruptcy, ¶ 547.38 (15th ed.). The debtor received these goods in late May and early June 1981, and payment was not tendered until September 16, 1981, well over 45 days after the debt was incurred. Since the debtor did not make the payments within the 45 days, the payments to Travco are avoidable preferences.

Judgment will be entered for the plaintiff/trustee in the amount of $11,840.07 plus costs of $60.00.

---

**2.** It has been held that in order to fall within the § 547(c)(2) exception, all four provisions of that section must be fulfilled including the 45-day provision. *In re Donny*, 11 B.R. 451 (Bkrtcy.W.D.Wisc.1981).