In re GOLD COAST SEED COMPANY, an Oregon corporation, Debtor.

GOLD COAST SEED COMPANY, an Oregon corporation, and M. Nolden, Trustee, Appellees,

v.

SPOKANE SEED COMPANY, Appellant.

BAP No. NC–82–1447 EVAs.
Bankruptcy No. 4–80–02038–HN.
Adv. No. 4–80–0485–AW.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued March 25, 1983.
Decided June 21, 1983.

William F. Nielsen, Paine, Hamblen, Coffin & Brooke, Spokane, Wash., for appellant.

Michael J. McQuaid, Phelan, Stuppi & Sorenson, San Francisco, Cal., for appellees.

Before ELLIOTT, VOLINN and ASHLAND, Bankruptcy Judges.

ELLIOTT, Bankruptcy Judge:

Spokane Seed Company (the "Appellant") appeals from an order granting summary judgment to the Trustee requiring it to disgorge a preference in the sum of $62,920 and refusing to recognize a credit of $54,340 for new value. We sustain the determination that an avoidable preference occurred but disapprove the failure to give credit for the new value.

The facts are not disputed. The Debtor filed its chapter 11 petition on June 30, 1980. The case was later converted to chapter 7. Thus, the 90th day before the date of the filing of the petition was April 1, 1980. As of March 31, 1980 the Debtor was indebted to Appellant for at least $62,920 for goods sold some time prevously. On March 31, 1980 the Debtor issued and mailed its check to the Appellant for $62,920 in payment of the trade debt. This check was received by the Appellant on April 2, 1980. The Appellant promptly deposited the check. In the meantime, however, the Appellant, upon the receipt of the $62,920 on the trade account, advanced new credit in three installments on April 2, and April 3 totalling $54,340. On April 7, the $62,920 check was honored by the Debtor's bank.

The issues are as follows:

1. For the purpose of determining whether the "transfer" was inside or outside the 90 day preference period, was the "transfer" made when the check was mailed, when it was received, or when it was honored by the bank?

2. Assuming the "transfer" was made within the preference period, should the trial court have limited the Trustee's recovery to the "net result" of the $63,000 transfer and new credit extended by the Appellant within the preference period?

3. If the "transfer" was made within the preference period, should the trial court have permitted the Appellant to offset some or all of its advances of new credit on the grounds that they fall within Bankruptcy Code § 547(c)(4) which limits the Trustee's recovery to the extent "new value" is given by a creditor after a preferential transfer?

We are aware of no cases holding that the transfer occurs when the check is mailed. At the earliest, the transfer occurred when the check was received, not when it was mailed.

The trial court reasoned that the transfer did not occur until the check was honored by the bank, a view consistent with the holdings of the several cases. *In re Super Market Distributors Corp.,* 25 B.R. 63 (Bkrtcy.D.Mass.1982); *In re Sportsco,* 12 B.R. 34 (Bkrtcy.D.Ariz.1981); *In re Duffy,* 3 B.R. 263 (Bkrtcy.S.D.N.Y.1980); *Fitzpatrick v. Philco Finance Corp.,* 491 F.2d 1288, 1293 (7th Cir.1974). To the extent these cases state a general rule regarding the timing of transfers under § 547, they appear to be contrary to the rule announced in *Shamrock Golf Co. v. Richcraft, Inc.,* 680 F.2d 645 (9th Cir.1982). Under *Shamrock,* the transfer is deemed to occur when the check is received, not when it is honored. The check was received and honored within the 90 day period and therefore the transfer was preferential under 11 U.S.C. § 547(a).

Appellant's fallback theory is that because it extended "new credit" within the preference period, it should be able to offset its new credit against the preference—i.e. that it should only have to return to the trustee the "net result" of advances and

payments made within the preference period. Without elaborating extensively upon the history of the "net result" rule, we agree with the analysis in *In re Thomas W. Garland, Inc.*, 19 B.R. 920 (Bkrtcy.E.D.Mo. 1982), that the "net result" rule has no application under the Bankruptcy Code. If the "net result" rule existed independently of § 547(c)(4) then that section would be rendered totally superfluous and the limitations in it would be totally swallowed by the broader "net result" concept. The one case arguing to the contrary, *In re Fulghum*, 7 B.R. 629 (Bkrtcy.M.D.Tenn.1980), *aff'd*, 14 B.R. 293 (D.M.D.Tenn.1981) is not convincing.

The only remaining question is whether the new credit advanced by Appellant after receipt of the payment from the Debtor came before or after the "transfer" for the limited purposes of § 547(c)(4). We hold that, the "transfer" time for the purpose of determining whether the payment was made inside or outside of the 90 day period, is not necessarily the time of "transfer" for all purposes under § 547. The legislative history to § 547 indicates that the time of "transfer" for the purposes of § 547(c)(1) and (c)(2) is not necessarily the same time determined under § 547(e) to mark whether the payment occurred inside or outside the preference period. House Report No. 95–595, 95th Cong., 1st Sess. (1977) 373–74; Senate Report No. 95–989, 95th Cong., 1st Sess. (1978) 88, U.S.Code Cong. & Admin. News 1978, p. 5787. Given that Congress did not contemplate a unitary concept for the time of "transfer" under § 547, we do no injury to the language of the section by harmonizing it with its purposes.

For the purposes of offsetting credit for new value under § 547(c)(4), we hold that the transfer occurred upon receipt of the check rather than later when the check was honored by the bank. To the extent the Appellant extended new credit to the debtor in reliance upon receipt of payment, to deny credit for new value would be inequitable and unsound as matter of policy. The purpose of § 547(c)(4) is precisely to encourage trade creditors to continue dealing with troubled businesses. If this judgment were affirmed, the result would be to discourage merchants from extending new credit in reliance upon the receipt of payment of antecedant debts in the form of checks until such checks have cleared the bank. Under this analysis, the determination of the time of "transfer" for the purposes of § 547(c)(4) is independent from determination of the time of "transfer" for the purposes of inclusion within the 90 day period.

We do not bottom our decision on *Shamrock Golf* because we focus only upon the area of credit for new value. Our ruling would be the same whether the date of transfer for the purpose of § 547(a) was when the check was received, *Shamrock Golf, supra*, or when the check was honored, *Fitzpatrick v. Philco Finance Corp., supra*.

The case is REMANDED with instructions to reduce the judgment against the Appellant to $8,580.

VOLINN, Bankruptcy Judge (concurring).

I agree with the reasoning and disposition of this Court, but I do not agree fully with the treatment of *Shamrock Golf Co. v. Richcraft, Inc.*, 680 F.2d 645 (9th Cir.1982). I feel that *Shamrock* substantially affects the determination of this case.