In re VIDEO EAST, INC., Debtor.

VIDEO EAST, INC., Plaintiff,

v.

ACADIA VIDEO COMPANY, Defendant.

Bankruptcy No. 81–05417G.
Adv. No. 83–1794G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Sept. 13, 1983.

Mary F. Walrath, Nancy V. Alquist, Barbara Lukes, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., and Bernard M. Berman, Media, Pa., for debtor/plaintiff, Video East, Inc.

Richard S. Stern, Jenkintown, Pa., for defendant, Acadia Video Co.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue in the case *sub judice* is whether a check paid on behalf of the debtor to the defendant is avoidable pursuant to section 547(b) of the Bankruptcy Code ("the Code"). Since all the elements necessary to constitute a preference under section 547(b) have been met, we conclude that the check transfer at issue can be avoided by the debtor pursuant to section 547(b) of the Code.

The facts of the instant case have been stipulated by the parties and are as fol-

lows:[1] On December 31, 1981, an involuntary case under chapter 11 of the Code was commenced against Video East, Inc. ("the debtor"). Prior thereto, Acadia Video Company ("Acadia"), a creditor of the debtor, "received" the sum of $1,000.00 from the debtor's counsel pursuant to a letter dated October 5, 1981. The aforesaid $1,000.00 was paid out of a lump sum received by the debtor's counsel from the debtor and deposited by counsel on October 1, 1981. The lump sum was intended by the debtor and, in fact, was used by the debtor to pay a number of existing creditors. On July 6, 1983, the debtor filed the instant complaint against Acadia to avoid the transfer of the $1,000.00 described above pursuant to section 547(b) of the Code.[2]

■ As set forth in section 547(b) of the Code, five (5) elements must be satisfied in order for the debtor to avoid the transfer of the $1,000.00:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

Only element (4) of section 547(b) is disputed in the instant case. The parties have agreed that all of the other criteria of section 547(b) have been met.[3]

The debtor contends that the transfer in question was made on October 5, 1981,—the date on which Acadia "received" the $1,000.00 pursuant to the aforementioned letter of October 5, 1981—which date is within the ninety (90) day period preceding December 31, 1981, the day on which the involuntary petition was filed against the debtor. Acadia, on the other hand, maintains that the subject transfer was made on October 1, 1981, the date on which the debtor forwarded the lump sum to its counsel, who, in turn later distributed the funds to various creditors of the debtor, one of which was Acadia.[4] We disagree with the position taken by Acadia. Moreover, while we agree with the debtor that the transfer of the $1,000.00 occurred within the 90 day period set forth in section 547(b)(4), we find that said transfer did not occur, as the debtor maintains, on October 5, 1981.

■ As we have previously held in *In re Ardmore Sales Co., Inc.*, 22 B.R. 911 (Bkrtcy.E.D.Pa.1982), "[i]t is generally held

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. Section 1107(a) of the Code grants the debtor in possession all the rights and powers of a trustee appointed in a case under chapter 11 of the Code. 11 U.S.C. 1107(a).

3. The burden of proof to establish each of the elements in § 547(b) by a preponderance of the

evidence rests with the debtor. *In re Denaburg,* 7 B.R. 274, 275 (Bkrtcy.N.D.Ala.1980). *See also American Nat'l Bank & Trust Co. v. Bone,* 333 F.2d 984, 987 (8th Cir.1964); *Mizell v. Phillips,* 240 F.2d 738, 740 (5th Cir.1957).

4. The attorney involved in the check transaction is no longer counsel of record for the debtor.

that payment of a debt by check constitutes a transfer under the Code as of the date of payment rather than as of the date of delivery." citing 3 Collier on Bankruptcy, ¶ 60.14 at 820 (14th ed. 1977); *Matter of Duffy*, 3 B.R. 263 (Bkrtcy.S.D.N.Y.1980). *See also In re Fabrics of Jericho*, 22 B.R. 1010 (Bkrtcy.S.D.N.Y.1982); *In re Sportsco, Inc.*, 12 B.R. 34 (Bkrtcy.D.Ariz.1981); *Brooks Shoe Manufacturing Company, Inc. v. Metropolitan Edison Co.*, 32 B.R. 871 (Bkrtcy.E.D.Pa.1983); *Naudain, Inc., formerly known as Brooks Shoe Manufacturing Company, Inc. v. Schaad Detective Agency*, 32 B.R. 875 (Bkrtcy.E.D.Pa.1983).[5] According to the stipulation submitted by the parties, the "date of payment" for purposes of section 547(b) occurred sometime after October 5, 1981. The very letter relied on by the parties, dated October 5, 1981, expressly states that "I [counsel for the debtor] enclose herewith, a check in the amount of One Thousand ($1,000.00) dollars to Acadia Video Company . . . on behalf of Video East, Inc."[6] Therefore, the "date of payment" occurred on whatever date the enclosed check to Acadia was subsequently honored by either the debtor's bank or counsel for the debtor's bank.[7] Consequently, since the check in question was necessarily honored within the requisite 90 day period, we will grant the debtor's complaint to avoid the subject transfer.[8]

---

5. *Contra In re Garland, Inc.*, 19 B.R. 920 (Bkrtcy.E.D.Mo.1982).

6. *See* Exh. A to stipulation of facts.

7. It is unclear from the facts presented whether the subject check was drawn on the debtor's account or counsel's account.

8. The debtor seeks recovery of the $1,000.00 together with interest. Nothing in the present record persuades us that an award of interest is warranted. *See* 4 Collier on Bankruptcy ¶ 550.-02 at 550–6 (15th ed. 1983). We will, however, disallow any claim which Acadia may have

against the debtor pursuant to § 502(d) which provides:

(d) Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

11 U.S.C. § 502(d).