LEVIN H. CAMPBELL, Chief Judge.
 

 Antonio O’Neill, plaintiff trustee of the debtor, Caceres & Johnson, appeals from summary judgment in favor of defendants, Nestle Libbys and Fruit Nectars. The dispute centers on two checks issued and delivered by the debtor on August 29, 1981, less than 90 days prior to filing its bankruptcy petition. One check was issued to defendant Nestle Libbys as payment for goods delivered on July 15,
 
 1981;
 
 the check was honored on September 25, 1981. The other check was issued to defendant Fruit Nectars as payment for goods also received on July 15,1981; the check was honored on September 14, 1981. The debtor filed a Chapter 11 petition on October 13, 1981, which was converted to a Chapter 7 petition on January 25, 1982. The trustee subsequently filed complaints against the defendants seeking to avoid the two payments.
 

 Section 547(b) of the Bankruptcy Act allows a trustee to avoid transfers of property made “on or within 90 days before the date of the filing of the petition.” Although the two checks were issued less than 90 days prior to the filing of the Chapter 11 petition, the defendants invoked one of the exceptions to the trustee’s power to avoid transfers. Section 547(c) provides, *
 

 The trustee may not avoid under this section a transfer—
 

 (1) to the extent that such transfer was
 

 (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
 

 (B) in fact a substantially contemporaneous exchange; [or]
 

 (2) to the extent that such transfer was
 

 (A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;
 

 (B)
 
 made not later than 45 days after such debt was incurred;
 

 (C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and
 

 (D) made according to ordinary business terms....
 

 11 U.S.C. § 547(c) (emphasis added). Defendants claimed coverage under the section 547(c)(2) exception. The trustee admitted that the checks were issued in the ordinary course of business and that the checks were delivered to the payee within 45 days after the debts were incurred. But he asserted that a “transfer” under section 547(c)(2) occurs only when a bank honors a check, not when the check is delivered. Under this interpretation neither payment would satisfy the 45-day requirement and
 
 *37
 
 thus could be avoided by the trustee. The bankruptcy court rejected the construction urged by the trustee and granted summary judgment for defendants. We affirm.
 

 Since the plain language of the section does not resolve the present dispute, we turn to the legislative history of the statute. In discussing subsection 547(c), the Senate Report states,
 

 The first exception is for a transfer that was intended by all parties to be a contemporaneous exchange for new value, and was in fact substantially contemporaneous. Normally, a check is a credit transaction. However, for purposes of this paragraph, a transfer involving a check is considered to be “intended to be contemporaneous,” and if the check is presented for payment in the normal course of affairs, which the Uniform Commercial Code specifies as 30 days, U.C.C. § 3-503(2)(a), that will amount to a transfer that is “in fact substantially contemporaneous.”
 

 The second exception protects transfers in the ordinary course of business (or financial affairs, where a business is not involved) transfers. For the case of a consumer, the paragraph uses the phrase “financial affairs” to include such non-business activities as payment of monthly utility bills.... The purpose of this exception is to leave undisturbed normal financial relations, because it does not detract from the general policy of the preference section to discourage unusual action by either the debtor or his creditors during the debtor’s slide into bankruptcy.
 

 S.Rep. No. 989, 95th Cong., 2d Sess. 88,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad. News 5787, 5874.
 
 See also
 
 H.R.Rep. No. 595, 95th Cong., 2d Sess. 373,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5963, 6329.
 

 Unlike the discussion of the first exception, the discussion of the second exception does not state that a check is to be treated as cash. The trustee would have us interpret this silence as evidencing an intent to apply a credit transaction approach to section 547(c)(2), namely, that a transfer by check is only made when the drawee bank honors the check. The trustee has not pointed to any reason for making such a distinction between the two exceptions. Indeed, since both exceptions cover transfers made in the normal course of a debtor’s business or financial affairs, we think it appropriate to apply the same interpretation to both.
 
 Fortin v. Marshall,
 
 608 F.2d 525, 528 (1st Cir.1979);
 
 Commissioner v. Estate of Ridgeway,
 
 291 F.2d 257, 259 (3d Cir.1961). This approach is bolstered by statements in the legislative debates on the Bankruptcy Reform Act:
 

 Payment is considered to be made when the check is delivered for purposes of Sections 547(1) and (2).
 

 124 Cong.Rec. S17414 (daily ed. Oct. 6, 1978) (statement of Sen. DeConcini); 124 Cong.Rec. H11097 (daily ed. Sept. 28, 1978) (statement of Rep. Edwards).
 
 See also Shamrock Golf Co. v. Richcraft, Inc.,
 
 680 F.2d 645 (9th Cir.1982); 2 Norton,
 
 Bankruptcy Law & Practice
 
 § 32.15 (1981).
 

 This construction of the second exception is confirmed by the purpose underlying section 547. The trustee’s power to avoid transfers is intended to discourage creditors from racing to the courthouse to dismember a failing debtor, thus enabling the debtor to solve its difficult financial situation. H.R.Rep. No. 595, 95th Cong., 2d Sess. 177-78,
 
 reprinted in
 
 1978 U.S. Code Cong. & Ad.News 5963, 6138. The section 547(c)(1) and (2) exceptions further the goal of enabling debtors to rehabilitate themselves by insulating normal business transactions from the trustee’s avoidance power. Without these exceptions creditors would be reluctant to conduct business with a struggling enterprise for fear that any payments made by the debtor could later be avoided. A crabbed reading of the section 547(c)(2) exception would only undermine this beneficial purpose.
 

 To treat checks as cash payments is also to construe section 547(c)(2) in accord with commercial reality. Since checks are normally considered present payments between parties,
 
 Engstrom v. Wiley,
 
 191 F.2d 684 (9th Cir.1951), the
 
 delivery
 
 of a check should supply the time of transfer
 
 *38
 
 under section 547(c)(2). The 45-day period of section 547(c)(2) accommodates the monthly billing practice of most businesses. If checks were deemed transfers only when honored, the time necessary for cashing and collection of a check would compress the time available for making payments so as to substantially impair the usefulness of the exception.
 

 The trustee contends that section 547(e)(1)(B) supports his position. That subsection, however, deals with the perfection of security interests in the debtor’s property. As here the defendants did not take the debtor’s checks as security, the provisions in section 547(e) are inapplicable.
 
 But see In re Supermarket Distributors Corp.,
 
 25 B.R. 63, 9 Bankr.Ct.Dec. (CRR) 1155 (Bkrtcy.D.Mass.1982).
 

 The checks in question were presented for payment within the 30-day period deemed reasonable under the U.C.C. and were duly honored by the drawee bank. We therefore hold that the date of delivery of the checks was the date of transfer for the purpose of section 547(c)(2).
 
 [1]
 

 Affirmed.
 

 [1]
 

 . An argument can be made that a check dishonored by the drawee bank would not be a transfer "made according to ordinary business terms” and therefore would not satisfy section 547(c)(2). Because both checks were honored in the present case we need not consider the effect of dishonor on the applicability of section 547(c)(2).