**In re WALKER INDUSTRIAL AUCTIONEERS, INC., Debtor.**

**John B. FRANZWA, Trustee, Plaintiff,**

**v.**

**PRO SALES, INC., an Oregon Corporation, and Charles C. Leathers, Defendants.**

**Bankruptcy No. 381–03054.
Adv. No. 83–0843.**

United States Bankruptcy Court,
D. Oregon.

Oct. 10, 1984.

Pamela J. Griffith, Portland, Or., for trustee.

Richard S. Mannis, Portland, Or., for defendants.

MEMORANDUM OPINION

HENRY L. HESS, JR., Bankruptcy Judge.

This matter came before the court upon the trustee's motion for summary judgment on his complaint to avoid an alleged preferential transfer to the defendants. The defendants have cross-moved for summary judgment on the complaint. The court heard oral argument from the parties on June 11, 1984. Based upon the parties'

motions, affidavits and oral arguments, it appears that the following facts are not disputed:

1. On April 17, 1981, the debtor and the defendants entered into an agreement whereby the debtor agreed to auction certain of the defendants' equipment for the defendants.

2. The equipment was auctioned on April 18, 1981, and the proceeds were deposited into the debtor's bank account.

3. The debtor paid the defendants $4,227.50 (representing the proceeds of the equipment sale) by a check drawn on another of the debtor's bank accounts. This check was dated and received by the defendants on June 24, 1981.

4. The check was honored by the drawee-bank on July 16, 1981.

5. The debtor's petition in bankruptcy was filed on September 24, 1981.

Based on these facts and the court's prior decision in *In Re Walker Industrial Auctioneers, Inc.*, 38 B.R. 8 (Bkrtcy.D.Or. 1983), this court must decide the following issue:

When payment of an antecedent debt is made by a debtor to a creditor by a check received by the creditor more than 90 days prior to the filing of the debtor's petition in bankruptcy, and the check is presented to, and honored by, the drawee-bank more than 10 days after it was received by the creditor, but within 30 days of its receipt, yet within the 90-day preference period, is the transfer, for purposes of 11 U.S.C. § 547(b), deemed to have occurred when the check is received by the creditor or when it is honored by the bank?

The trustee argues that the disposition of this issue is governed by 11 U.S.C. § 547(e), which provides:

(1) For purposes of this section—
(A) a transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee; and
(B) a transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.

(2) For purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made—
(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time;
(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; or
(C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of—
    (i) the commencement of the case; and (sic)
    (ii) 10 days after such transfer takes effect between the transferor and the transferee.

(3) For the purposes of this section, a transfer is not made until the debtor has acquired rights in the property transferred.

The trustee argues that the transfer to the defendant in this case was not perfected until the check was honored by the bank. *In Re Sider Ventures and Services Corp.*, 33 B.R. 708 (Bkrtcy.S.D.N.Y.1983). Since the check was not paid within 10 days of its delivery to the defendant, the trustee asserts that, pursuant to § 547(e)(2)(B), the transfer is deemed to have occurred upon payment by the bank. Finally, since payment occurred within the 90-day period, the transfer was preferential and should be avoided under § 547(b).

The problem with this reasoning, however, is that it assumes that § 547(e) is applicable where a creditor is paid by

check. This court does not agree with that assumption. A careful reading of § 547(e) reveals that this section is only concerned with the perfection of security interests in various kinds of property. Additionally, the legislative history of the Bankruptcy Code supports this conclusion:

> Subsection (e) of § 547 is designed to reach the different results under the 1962 version of Article 9 of the U.C.C. and under the 1972 version because different actions are required under each version in order to make a *security agreement* effective between the parties. (Emphasis added.)
>
> Notes of Committee on the Judiciary, Senate Report No. 95–989.

■ This statement indicates that § 547(e) does not govern transactions that are not intended as, and are not in fact, a transfer of a security interest in property. This principle was recognized by the Sixth Circuit in *In Re Arnett,* 731 F.2d 358 (6th Cir.1984). In *Arnett,* the court stated:

> Although the legislative history reveals that even a 30-day delay between receipt and negotiation of a check does not preclude a substantially contemporaneous exchange, standard commercial practices appropriate to the transfer of negotiable instruments are not necessarily commensurate with those involving security interests. Congress has given security interests specialized treatment both in § 547(C)(3) and § 547(e)(2). That Congress explicitly enacted a 10-day limitation for the perfection of security interests in order to preserve "relation back", and yet accepted a 30-day period as appropriate to the negotiation of checks indicates an intent to differentiate the two types of "transfers" under the Bankruptcy Reform Act. *Id.,* at 362.

Ordinarily, and in this case, payment by check is not a transfer of a security interest in the account upon which the check is drawn. Accordingly, this transaction is not governed by § 547(e). See *O'Neill v. Nestle Libbys P.R., Inc.,* 729 F.2d 35 (1st Cir. 1984).

This reasoning is supported by *Shamrock Golf Co. v. Richcraft, Inc.,* 680 F.2d 645 (9th Cir.1982). In *Shamrock,* the Ninth Circuit held that, under the 1898 Bankruptcy Act, for purposes of determining if preferential transfers occurred within the then-applicable 4-month period, payment by check was deemed to be a transfer at the time the check was received by the creditor, rather than upon its subsequent honor by the drawee-bank. Had the court been concerned with the application of notions of "perfection", the *Shamrock* opinion would have discussed Section 60a of the Act which is very similar in language and effect to § 547(e) of the Code. Instead, *Shamrock* viewed the issue as presenting only a policy choice to be made regarding the time of transfer when payment is made by check. The court in *Shamrock* chose to analogize the matter to the "contemporaneous exchange" exception dealt with by § 547(c)(1) in making its decision. In so doing, the court relied upon the legislative history of § 547(c) and concluded that payment by check is a transfer when the check is received, so long as it is presented within a reasonable time and not dishonored. *Id.,* at 646. Presumably, the term "reasonable time" means "30 days". See U.C.C. § 3–503(2)(a) and Notes of Committee on the Judiciary, Senate Report No. 95–989, U.S. Code Cong. & Admin.News 1978, p. 5787.

The Ninth Circuit's decision to make this analogy has been questioned, *In Re Super-Market Distributors Corp.,* 25 B.R. 63 (Bkrtcy.D.Mass.1982); *In Re Georgia Steel, Inc.,* 38 B.R. 829 (Bkrtcy.M.D.Ga. 1984), and the trustee has raised several sound policy arguments supporting his position that the time of transfer should be the time the check is honored. Further, many courts agree with the trustee's position. *In Re Moran Air Cargo, Inc.,* 30 B.R. 406, (Bkrtcy.D.R.I.1983); *Nicholson v. First Investment Co.,* 705 F.2d 410 (11th Cir.1983); *In Re Ardmore Sales Co.,* 22 B.R. 911 (Bkrtcy.E.D.Pa.1982); *In Re Bob Grissett Golf Shoppes, Inc.,* 34 B.R. 320, (Bkrtcy.E.D.Va.1983); *In Re Mailbag International, Inc.,* 28 B.R. 905, (Bkrtcy.D. Conn.1983); *In Re Mindy's,* 17 B.R. 177,

(Bkrtcy.S.D.Ohio, E.D.1982); *In Re Sportsco, Inc.*, 12 B.R. 34, (Bkrtcy.D.Ariz.1981); *In Re Supermarket Distributors Corp.*, 25 B.R. 63, (Bkrtcy.D.Mass.1982); *In Re Video East*, 33 B.R. 61, (Bkrtcy.E.D.Pa.1983); *Matter of Advance Glove Mfg., Co.*, 25 B.R. 521, (Bkrtcy.E.D.Mich.S.D.1982); *Matter of Georgia Steel*, 38 B.R. 829, (Bkrtcy. M.D.Ga.1984); *Matter of Kimball*, 16 B.R. 201, (Bkrtcy.M.D.Fla.1981); *Matter of Ellison*, 31 B.R. 545, (Bkrtcy.M.D.Ga.1983); *Matter of Gander Mountain, Inc.*, 29 B.R. 266, (Bkrtcy.E.D.Wisc.1983). All these courts, however, have either made these statements in dicta or have, to some extent, relied upon § 547(e) in reaching their decision. As previously indicated, this court feels that § 547(e) is inapplicable in this context.

Finally, some courts appear to have analyzed the matter as this court has suggested, that is, as a policy choice not governed by § 547(e). With the exception of the Ninth Circuit Court of Appeals, these courts have concluded that the relevant date is the date the check is honored. *Fitzpatrick v. Philco Finance Corp.*, 491 F.2d 1288 (7th Cir.1974); *In Re Fabric Buys of Jericho, Inc.*, 22 B.R. 1010, (Bkrtcy.S.D.N.Y.1982); *Matter of Duffy*, 3 B.R. 263, (Bkrtcy.S.D.N.Y.1980).

Nevertheless, until it is reversed, the holding in *Shamrock* is still controlling in this circuit on this issue. In support of this conclusion, see *In Re Georgia Steel, Inc.*, *supra*, and *In Re Gold Coast Seed Co.*, 30 B.R. 551 (9th Cir. BAP 1983), where the Bankruptcy Appellate Panel stated, in dicta, the following:

> "Under *Shamrock*, the transfer is deemed to occur when the check is received, not when it is honored." *Id.*, at 552.

Further, this court cannot agree with the argument that the court in *Shamrock* was actually relying on the 21-day "relation-back" rule of Section 60a(7)(I) of the Act in reaching its decision. The opinion in *Shamrock* does not even mention that section of the Act.

Therefore, based on *Shamrock*, this court must hold that the transfer in question occurred upon the defendants' receipt of the check. Since this event occurred more than 90 days prior to the filing of the petition, and since the check was presented within 30 days and not dishonored, there was no preference. Accordingly, the defendants' motion for summary judgment shall be granted and the court will enter an order and consistent with this opinion.

This opinion shall constitute the court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.