In re DEPENDABLE PRODUCTS, INC., Debtor.

Gordon FORELL, Trustee, Plaintiff,

v.

ACE DORAN HAULING & RIGGING COMPANY, Defendant.

Bankruptcy No. HG 83–00680.
Ancillary No. 1–84–003.
Adversary No. 84–0423.

United States Bankruptcy Court, S.D. Ohio, W.D.

June 13, 1985.

---

Gordon Forell, Grand Rapids, Mich., Trustee.

Allan .W. Gilbert, Rice, Rice & Gilbert, Detroit, Mich., for plaintiff.

Michael W. Donovan, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, Mich., for defendant.

## DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT

BURTON PERLMAN, Bankruptcy Judge.

Plaintiff, trustee for the debtor identified in the caption above, filed a complaint pursuant to 11 U.S.C. § 547(b) to recover preferential transfers made from debtor to defendant in the total amount of $820.30. The parties have filed cross motions for summary judgment which we now address.

The parties agree that all elements of § 547(b) were met in the relevant transactions and that the transfers in question are preferential. The only issue presented is whether the exception to avoidance of preference set forth in § 547(c)(2) applies to these transfers. The § 547(c)(2) exception arises if the transfers were made 45 days after the debt was incurred. Trustee argues that the transfers were not made within 45 days after the debts were incurred because when a transfer of funds is made by check, the date of the transfer is the date the check is honored by a drawee bank. Defendant, on the other hand, argues that the transfer was within the 45 days because the date of the transfer is the date the check is received by the creditor. It is this specific issue which we are called on to decide.

The pertinent facts are not disputed. Defendant issued a first invoice to debtor in the amount of $356.40, sent to debtor January 5, 1983. The materials relating to that invoice were delivered to the debtor on January 6, 1983. A second invoice in the amount of $465.90 was sent by defendant to debtor January 7, 1983. The materials relating to it were delivered to the debtor on January 11, 1983. Debtor's check in payment of both invoices was received by defendant on February 16, 1983, and it was honored by the drawee bank on February 22, 1983. If the transfer is deemed to have occurred on the date the check was received by the defendant it would be within 36 days of January 11, 1983 and within 41 days of January 6, 1983, and the amounts of both invoices would come within the exception. If, however, the transfer is deemed to have occurred on the date the check was honored by the drawee bank it would be within 42 days of January 11, 1983 and 47 days of January 6, 1983. The amount of the first invoice, $356.40, then would not be excepted from avoidance by § 547(c)(2).

The dispositive provision, 11 U.S.C. § 547(c)(2), was amended subsequent to the filing of the present involuntary petition. The parties have agreed that for this motion § 547 will be construed as it existed prior to October 8, 1984, the effective date of the amendment. The section as then in effect reads:

547(c) The trustee may not avoid under this section a transfer—

\* \* \* \* \* \*

(2) to the extent that such transfer was—

(A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;

(B) made not later than 45 days after such debt was incurred;

(C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(D) made according to ordinary business terms.

The question of whether the transfer occurs on the date a check is delivered or honored for the purposes of § 547(c)(2) has been dealt with by many courts. The courts are split in their resolutions of the question. Because we are persuaded by the analysis in *O'Neill v. Nestle Libbys P.R., Inc.*, 729 F.2d 35 (1st Cir.1984), we hold that where payment is made by check, for purposes of § 547(c)(2), a transfer occurs upon delivery of the check.

In *O'Neill* in holding that for the purposes of § 547(c)(2), a transfer occurs when the check is delivered to the creditor, the court recounted the legislative history of the statute. It coupled with the direction which it there found, policy considerations it deemed desirable to be achieved. Thus, a conclusion that transfer occurred upon

delivery for purposes of § 547(c)(2) fosters the objective of facilitating rehabilitation by encouraging creditors to continue doing business with the troubled enterprise. A contrary conclusion, reasoned the court, would be inconsistent with commercial reality in the application in a real business of the exception under examination. We also note the caveat to its conclusion by the court, that presentment for payment within "the 30-day period deemed reasonable under the U.C.C.;" as well as honoring by the drawee bank of the check, must occur.

Accordingly, we hold that defendant is entitled to summary judgment in its favor, while plaintiff's cross-motion will be denied. The complaint will be dismissed.