841 F.2d 527
 56 USLW 2630, 18 Collier Bankr.Cas.2d 517,
17 Bankr.Ct.Dec. 562,
Bankr. L. Rep. P 72,219, 6 UCC Rep.Serv.2d 162
 In re CONTINENTAL COMMODITIES, INC., Tax I.D. No.
56-1207008, Debtor.
Albert F. DURHAM, Trustee for Continental Commodities, Inc.,
Plaintiff-Appellee,
v.
SMITH METAL AND IRON COMPANY, Defendant-Appellant.
 No. 87-3732.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 5, 1988.
Decided March 4, 1988.
 
 Neil Carson Williams, III, Robert B. McNeill (Horack, Talley, Pharr & Lowndes, Charlotte, N.C., on brief), for defendant-appellant.
 James Craig Whitley (Albert F. Durham, Leonard, McNeely, MacMillan & Durham, Charlotte, N.C., on brief), for plaintiff-appellee.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 BUTZNER, Senior Circuit Judge.
 
 
 1
 Smith Metal and Iron Company appeals the district court's order holding that a payment for goods sold to Continental Commodities, Inc., was a preference as defined by the Bankruptcy Code of 1978, 11 U.S.C. Sec. 547. The dispositive issue is whether, for the purpose of section 547(c)(2)(B), a transfer of funds by check is effective when the creditor receives the check or when the debtor's bank honors it. The bankruptcy court held, and the district court affirmed, that the transfer did not become effective until Continental's bank honored Continental's check payable to Smith. Because we conclude that the transfer was effective when Smith received the check, we reverse.
 
 
 2
 * Continental purchased scrap metal from Smith for resale to Reynolds Metals, Inc. Smith shipped the scrap directly to Reynolds, which took delivery on August 26, 1983, and paid Continental by check dated September 23. Continental sent Smith its check dated October 5 for $23,874.16 in payment for the scrap metal. Smith received the check on October 6 but mislaid it in the course of moving its office. Smith eventually deposited the check on October 25, and Continental's bank honored it on October 26.
 
 
 3
 On November 18, 1983, Continental filed a Chapter 7 bankruptcy petition, and the court appointed Albert F. Durham trustee. Durham then sought, on Continental's behalf, to recover Continental's payment to Smith on the ground that it was an avoidable preference under 11 U.S.C. Sec. 547(b). Smith claimed that the payment was made in the ordinary course of business and therefore was not avoidable by the trustee according to section 547(c)(2).
 
 
 4
 Section 547(c)(2), upon which Smith relies, provided:
 
 
 5
 (c) The trustee may not avoid under this section a transfer--
 
 
 6
 (2) to the extent that such transfer was
 
 
 7
 (A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;
 
 
 8
 (B) made not later than 45 days after such debt was incurred;
 
 
 9
 (C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and(D) made according to ordinary business terms.[1]
 
 
 10
 Smith takes the position that, in calculating the 45-day requirement of section 547(c)(2)(B), a transfer of funds by check should be deemed to be effective when the creditor receives the check, not when the debtor's bank honors it.
 
 
 11
 Proceeding on this premise, Smith points out that it received the check on October 6, within 45 days of the date that Continental incurred the debt. Smith presented the check for payment within 30 days, the period deemed reasonable by section 3-503(2)(a) of the Uniform Commercial Code. Based on these undisputed facts, Smith contends that it satisfied all the requirements of section 547(c)(2), and the trustee cannot avoid the transfer on the ground that it is a preference.
 
 
 12
 The trustee takes the position that the transfer from Continental to Smith did not occur until Continental's bank honored the check on October 26. Because this occurred more than 45 days after Continental incurred the debt to Smith, the trustee maintains that Smith has not satisfied the requirements of section 547(c)(2)(B). In support of his thesis that the transfer of funds by check is not effective until the debtor's bank honors it, the trustee relies on section 547(e)(1)(B) of the Code, which provides in part:
 
 
 13
 (1) For the purposes of this section--
 
 
 14
 (B) a transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.
 
 
 15
 The trustee points out that Continental's creditors could have attached Continental's bank account and gained rights superior to Smith's before the bank actually honored Continental's check. Consequently, the trustee argues, the transfer could not have occurred when Smith received the check; it occurred only when the bank honored the check, and Continental's other creditors could no longer acquire a lien superior to Smith's right to the proceeds of the check.
 
 
 16
 The bankruptcy court accepted the trustee's argument. First, it found that Smith met all of the requirements of sections 547(c)(2)(A), (C), and (D) for a transfer in the ordinary course of business. Then, it applied the 45-day requirement of section 547(c)(2)(B). It found that Continental incurred the debt on August 26 or within one week thereafter.[2] The court concluded that the transfer of funds from Continental to Smith occurred on October 26, 1983, when Continental's bank honored the check and not on October 6, 1983, when Smith received the check. The court held that Smith did not receive the payment for its goods in the ordinary course of business because the transfer occurred more than 45 days after Continental incurred the debt. Consequently, the bankruptcy court allowed the trustee to avoid the payment as a preference under section 547(b). The district court affirmed the bankruptcy court, and Smith appealed.
 
 II
 
 17
 The leading case that decides when a transfer of funds by check is effective for the purpose of section 547(c)(2)(B) is O'Neill v. Nestle Libbys P.R., Inc., 729 F.2d 35 (1st Cir.1984), which dealt with facts quite similar to those in the case before us.[3] O'Neill held that the date of delivery of a check is the date of transfer for the purpose of section 547(c)(2)(B) provided the check is presented for payment within 30 days and honored by the debtor's bank. 729 F.2d at 38. The court's scholarly opinion draws on legislative history, the purpose underlying a trustee's authority to avoid preferences, and the pragmatic and commercial reasons for treating the delivery of a check as the time of transfer.
 
 
 18
 O'Neill rejected the trustee's contention that section 547(e)(1)(B) required the conclusion that a transfer by check is effective under section 547(c)(2) only after the debtor's bank honors the check. Section 547(e)(1)(B), the court reasoned, "deals with the perfection of security interests in the debtor's property" and does not apply to section 547(c) cases where the creditor does "not take the debtor's check as security." 729 F.2d at 38. Although not conclusive, the Senate Report supports O'Neill's view that section 547(e)(1)(B) addresses security interests. It states that section 547(e) "is designed to reach the different results under the 1962 version of Article 9 of the [Uniform Commercial Code] and under the 1972 version because different actions are required under each version in order to make a security agreement effective between the parties." S.Rep. No. 989, 95th Cong., 2nd Sess. 89, reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5875 and in 11 U.S.C.A. Sec. 547 notes at p. 285 (1979); see In Re Fasano/Harriss Pie Co., 43 B.R. 871, 875-76 (Bankr.W.D.Mich.1984). Article 9 deals exclusively with secured transactions.
 
 
 19
 The only other court of appeals decision that deals with the time of transfer for the purpose of section 547(c)(2)(B) besides O'Neill is In Re White River Corp., 799 F.2d 631 (10th Cir.1986).[4] That case adopted the reasoning of O'Neill in its entirety "after finding it supported by legislative history, policy considerations and pragmatic concerns." 799 F.2d at 633. The White River court added that the "delivery date view encourages trade creditors to continue dealing with troubled business by insulating normal business transactions from the trustee's avoiding power," that "in the commercial world receipt of a check ... is customarily looked upon as the date of payment of an obligation," and that "holding that the transfer occurs on the date the check is delivered allows the debtor, as opposed to the bank, to determine the precise date of transfer." 799 F.2d at 634.
 
 III
 
 20
 For reasons adequately stated in O'Neill and White River we conclude that, for the purpose of section 547(c)(2)(B) of the Bankruptcy Code of 1978, a transfer of funds by check is effective on the date that the creditor receives the check as long as the debtor's bank honors it within the 30-day requirement of U.C.C. Sec. 3-503(2). Accordingly, Smith has established that the transfer occurred in the ordinary course of business and the trustee cannot recover the $23,874.16 as an avoidable preference.
 
 
 21
 REVERSED.
 
 
 
 [1]
 The 45-day requirement of section 547(c)(2)(B) was eliminated in the 1984 amendments to the Bankruptcy Code. However, the amendment applies only to cases filed "90 days after July 10, 1984," and is therefore not relevant to this case. In all other respects, section 547(c)(2) is identical in the 1978 and 1984 versions of the Bankruptcy Code
 The 45-day requirement was eliminated because it unduly burdened creditors receiving payments under billing cycles greater than 45 days. S.Rep. No. 65, 98th Cong., 1st Sess. 60. See Broome, Payments on Long-Term Debt as Voidable Preferences: The Impact of the 1984 Bankruptcy Amendments, 1987 Duke L.J. 78, 97-112.
 
 
 [2]
 Viewing the evidence in the light most favorable to Continental, we have adopted August 26 as the date the debt was incurred
 
 
 [3]
 Bankruptcy courts in North Carolina differ about when a transfer of funds by check occurs within the meaning of section 547(c)(2)(B). In conflict with the case before us is Southern of Rocky Mount, Inc. v. Evans, No. S-83-00294-8, Adv. No. S-85-0071-AP (Bankr.E.D.N.C., Jan. 24, 1986) (unpublished), which holds that the transfer occurs when the creditor receives the check. The division in this circuit reflects the division among bankruptcy courts nationwide
 Cases holding that the transfer occurs upon receipt of the check include In Re American International Airways, Inc., 68 B.R. 326 (Bankr.E.D.Pa.1986); In Re Fasano/Harriss Pie Co., 43 B.R. 871 (Bankr.W.D.Mich.1984); In Re Hoover, 32 B.R. 842 (Bankr.W.D.Okla.1982); In Re Saco Dev. Corp., 25 B.R. 880 (Bankr.Me.1982); Garland, Inc. v. Union Elec. Co., 19 B.R. 920 (Bankr.E.D.Mo.1982).
 Cases holding that the transfer occurs when the debtor's bank honors the check include In Re Staveco Electric Constr. Co., 48 B.R. 247 (Bankr.N.J.1985); In Re Naudain, Inc., 32 B.R. 875 (Bankr.E.D.Pa.1983); In Re Supermarket Distr. Corp., 25 B.R. 63 (Bankr.Mass.1982); In Re Advance Glove Mfg. Co., 25 B.R. 521 (Bankr.E.D.Mich.1982).
 
 
 [4]
 Continental relies on Nicholson v. First Investment Co., 705 F.2d 410 (11th Cir.1983), and Fitzpatrick v. Philco Finance Corp., 491 F.2d 1288 (7th Cir.1974). Neither of these opinions, however, construed section 547(c)(2)(B)