**In re STEREO EQUIPMENT SALES, INC., Debtor.**

**Arthur C. UNGER, Plaintiff,**

v.

**INAC CORP., Defendant.**

**Bankruptcy No. 88–5–2331–SD. Adv. No. A90–0029–SD.**

United States Bankruptcy Court, D. Maryland.

June 26, 1990.

James A. Vidmar, Jr., Gordon, Feinblatt, Rothman, Hoffberger & Hollander, Baltimore, Md., for debtor/plaintiff.

Kevin H. Brown, Law Offices of Harold A. MacLaughlin, Baltimore, Md., for INAC Corp.

## MEMORANDUM OF DECISION AS TO MOTION TO DISMISS

E. STEPHEN DERBY, Bankruptcy Judge.

Plaintiff, Arthur C. Unger, Chapter 11 Trustee, for Stereo Equipment Sales, Inc. (the "Debtor") seeks to avoid and recover a transfer of funds which he asserts is preferential and avoidable under 11 U.S.C. § 547 of the Bankruptcy Code. Defendant, INAC Corp., moves to dismiss the Complaint on the single ground that the transfer described in the complaint was made outside the 90–day period prior to the filing of the Petition. Therefore, it is not an avoidable transfer under Section 547(b)(4)(A) of the Code.

These facts are undisputed. On or about May 10, 1988 the debtor sent[1] a check to S. Kornreich and Sons, Inc. ("Kornreich") in the amount of $5,163.18[2] to or for the benefit of the Defendant INAC Corp.[3] On or about May 18, 1988 Kornreich made a check payable to Defendant INAC in the same amount, $5,163.18. On August 9, 1988 the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. May 11, 1988 is the ninetieth (90th) day before the filing of this petition.

The issue before this Court is whether, for the purpose of Section 547(b)(4)(A), a transfer of funds by check becomes effective when the Debtor mails the check, or when the creditor receives it.

Section 547(b)(4)(A) upon which the Defendant relies, provides:

"(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor and property—

(4) Made—

(A) On or within ninety days from the date of the filing of the petition; or

(B) Between ninety days and one year before the date of the filing of the petition if such creditor at the time of such transfer was an insider;"

11 U.S.C. § 547(b)(4).

## I. Contentions of the Parties

Defendant argues that the transfer should not be voided since it occurred on May 10, 1988, one day before the 90th day prior to the filing of this petition. Citing authority which is not controlling in this Circuit, the Defendant contends that since payment by check is the equivalent of payment by cash, such a payment is therefore a contemporaneous transfer if a check is presented within a reasonable time and is not dishonored. Further, the Defendant contends that the transfer occurs on the date the Debtor relinquishes control of its funds and that, here, such loss of control was accomplished by mailing the check. Finally, the Defendant details at length the calculations which establish May 11, 1988 as the 90th day prior to the filing.

In response, the Plaintiff argues that the transfer of funds paid by check is effective on the date the creditor receives the check. He asserts that, here, the Debtor mailed the check to Kornreich in New York on May 10, 1988. Therefore, he concludes, May 11, 1988 is the very earliest date by which Kornreich could have received the payment. Since May 11, 1988 is the 90th day prior to the date of filing of the peti-

---

1. Although the Complaint, at page 3, uses the term "paid" for this transaction, the Plaintiff's response at page 2, paragraph 5 employs the term "mailed". There does not appear to be any real dispute that the check was mailed on May 10, 1988.

2. Complaint, Exhibit A, is a photocopy of a check voucher dated 5/10/88, bearing a stamped date May 11, 1988.

3. See Defendant's Answers to General Allegations, Paragraph 9, Paper 7.

tion, Plaintiff asserts he is entitled to avoid the transfer.

## II. *Conclusions of Law*

■ The Plaintiff correctly cites *In re Continental Commodities, Inc. v. Smith Metal and Iron Company,* 841 F.2d 527 (4th Cir.1988) as authority for its position. There, the Fourth Circuit interpreted the 45–day requirement of then Section 547(c)(2)(B), which was later eliminated by the 1984 amendments. 841 F.2d at 529. That section denied a trustee the right to avoid a transfer which occurred not later than 45 days after the debt was incurred. In order to escape the effect of that section, the trustee claimed that payment was made later than 45 days after the debt had been incurred. The court held that for the purpose of Section 547(c)(2)(B) of the Bankruptcy Code of 1978, a transfer of funds by check was effective on the date that the creditor received the check, as long as the Debtor's bank honored it within the 30 day requirement of U.C.C. Section 3–503(2). 841 F.2d at 530.

In so ruling, the court noted that there are significant pragmatic and commercial reasons for treating the delivery of the check as the time of transfer, and observed that holding that the transfer occurs on the date the check is delivered allows the Debtor to determine the precise date of transfer, citing *In re White River Corp.,* 799 F.2d 631 (10th Cir.1986). 841 F.2d at 530.

More recently, the Fourth Circuit reached a similar result in *Quinn Wholesale, Inc. v. John A. Northen,* 873 F.2d 77 (4th Cir.1989), *cert. den.,* —— U.S. ——, 110 S.Ct. 151, 107 L.Ed.2d 109 (1989). In this action by a trustee to recover payment made by check one day prior to filing of the petition, the trustee claimed that the payment was a post-petition transfer subject to avoidance powers under 11 U.S.C. Section 549(a)(1). The issue for decision was whether, for the purpose of these avoidance provisions, the transfer occurred on the pre-petition date of delivery of the check, or on the post-petition date of payment of the check by the Debtor's bank. Relying on *In re Continental Commodities, Inc., supra,* the Fourth Circuit af-

firmed the district court's holding that the transfer had become effective when the check was delivered to the creditor.

■ Motions to dismiss are governed by Federal Rule of Civil Procedure 12(b)(6) as incorporated in Bankruptcy Rule 7012(b), and complaints should be literally construed and viewed "in the light most favorable to the plaintiff". *In re Brandt Air Flex Corp.,* 69 B.R. 701 (Bankr.E.D.N.Y. 1987), quoting *Hishon v. King and Spaulding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Motions to dismiss for failure to state a claim should be granted only if there is no doubt that, even if the plaintiff is able to prove all facts necessary to support the claim as alleged, plaintiff would not be entitled to the relief sought. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Flip Mortgage Corp. v. McElhone,* 841 F.2d 531 (4th Cir.1988).

For the reasons set forth in *In re Continental Commodities, Inc.,* and *Quinn Wholesale, Inc.,* it is hereby held that for the purpose of Section 547(b)(4)(A) a transfer of funds by check is effective when the creditor receives the check. Accordingly, the motion of INAC Corp. to dismiss the complaint of Arthur C. Unger, Chapter 11 Trustee for Stereo Equipment Sales, Inc., will be denied.