In re TROIS ETOILES, INC., a California corporation, dba La Toque, Debtor.

Jerome Edward TARVER, Appellant,

v.

TROIS ETOILES, INC., a California corporation, dba La Toque, Appellee.

BAP No. CC–86–2173–MeMoV.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted July 22, 1987.

Decided Sept. 11, 1987.

Jerome E. Tarver, Tarver & Webb, Los Angeles, Cal., for appellant.

Caroline L. Canning, Buchalter, Nemer, Fields & Younger, Los Angeles, Cal., for appellee.

Before MEYERS, MOOREMAN and VOLINN, Bankruptcy Judges.

OPINION

MEYERS, Bankruptcy Judge:

I

This case presents the question of whether the Debtor's tender of a check to its attorney prior to bankruptcy, which is honored by the bank after bankruptcy, is a post-petition transfer avoidable under Section 549 of the Bankruptcy Code ("Code"). The Bankruptcy Court ruled that the check constituted a voidable post-petition transfer. We REVERSE the judgment of the Bankruptcy Court.

## II

### FACTS

On January 30, 1986, the Debtor retained attorney Jerome Tarver for services to be provided by him in the Debtor's upcoming bankruptcy proceeding. Tarver claims he performed emergency services for the Debtor that day in preparation for the next day filing. In exchange for these services, the Debtor tendered a check to Tarver for $2,000. On January 31, 1986, the Debtor filed its Chapter 11 petition and Tarver deposited the check. The Debtor's bank honored the check on February 4, 1986.

The Debtor filed a complaint to recover the $2,000, claiming that it was an invalid post-petition transfer of property of the estate under Section 549 of the Code. Upon a motion for summary judgment, the Court found that there was no issue of material fact and that the bank's payment of the check on February 4, 1986 represented an unauthorized post-petition transfer by the Debtor. Therefore, the transfer was voided and Tarver was ordered to return the funds to the Debtor. The Court added that Tarver was free to file an application seeking recovery for his professional services provided to the estate.

## III

### DISCUSSION

Section 549(a) of the Code states in relevent part:

> The trustee may avoid a transfer of property of the estate—
>
> (1) made after the commencement of the case; and
>
> . . . . .
>
> (2)(B) that is not authorized under this title or by the court.

11 U.S.C. § 549(a). It is undisputed that the check payment was not authorized by the Bankruptcy Court. Therefore, the only question presented by this case is whether the transfer between the Debtor and Tarver occurred before or after the bankruptcy petition was filed.

Several Bankruptcy Courts interpreting Section 549 have held that a check does not constitute a completed "transfer" of the fund until it is honored by the drawee bank. *In re Isis Foods, Inc.*, 37 B.R. 334, 336 (W.D.Mo.1984); *Midwest Boiler & Erectors, Inc.*, 54 B.R. 793, 795 (E.Mo. 1985); *In re Wilson*, 56 B.R. 74, 76 (E.Tenn.1985); *In re Bridges Enters.*, 44 B.R. 979, 982 (S.Ohio 1984). In determining when a transfer occurs, these courts refer solely to state law. *In re Isis Foods, Inc., supra*, 37 B.R. at 336. The Uniform Commercial Code ("UCC"), which has been adopted in California, states:

> A check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for payment, and the drawee is not liable on the instrument until he accepts it.

Cal.Comm.Code § 3409(1) (UCC § 3–409(1)). From this, courts have found that a check is not a transfer of specific funds but is merely an unexecuted order to the bank which in no way curtails the drawer's ability to draw on that credit until the bank makes payment on the check. *Super Market Distributors*, 25 B.R. 63, 65 (Mass.1982).

However, what constitutes a transfer and when it is complete within the meaning of the Code is necessarily a federal question, since it arises under a federal statute intended to have uniform application throughout the United States. *McKenzie v. Irving Trust Co.*, 323 U.S. 365, 370, 65 S.Ct. 405, 408, 89 L.Ed. 305 (1945); *Prudence Realization Corp. v. Geist*, 316 U.S. 89, 95, 62 S.Ct. 978, 982, 86 L.Ed. 1293 (1942). The Code broadly defines "transfer" as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property." 11 U.S.C. § 101(50).

As to when a transfer takes place, the Ninth Circuit has held that a "transfer" occurs at the time a check is given to a creditor, not on the date the check is honored. *In re Kenitra, Inc.*, 797 F.2d 790, 791 (9th Cir.1986); *Shamrock Golf Co. v. Richcraft, Inc.*, 680 F.2d 645, 646 (9th Cir. 1982); *In re Gold Coast Seed Co.*, 30 B.R. 551, 552 (9th Cir. BAP 1983). This is based

on the long-held rule in this Circuit that a check constitutes a "cash" sale and therefore is a contemporaneous transfer so long as the check is presented within a reasonable time and is not dishonored. *Engstrom v. Wiley,* 191 F.2d 684, 686 (9th Cir.1951); *Shamrock Golf Co. v. Richcraft, Inc., supra,* 680 F.2d at 646; *In re Gaildeen Industries,* 71 B.R. 759, 764–65 (9th Cir. BAP 1987).

 In the commercial world, receipt of a check, as distinguished from the date it clears the drawee bank, is customarily looked upon as the date of payment of an obligation. *In re White River Corp.,* 799 F.2d 631, 634 (10th Cir.1986). Although *Shamrock Golf* and its Ninth Circuit progeny involved interpretations of "transfer" under Section 547, we find no reason to alter this Circuit's definition of "transfer" merely because the present case involves Section 549. In the interests of uniformity and consistency, we hold that a transfer by check occurs when the check is received by the payee for purposes of Section 549. *See McKenzie v. Irving Trust Co., supra,* 323 U.S. at 369–70, 65 S.Ct. at 407–08. Tarver's check was presented to and honored by the paying bank all within six days of receipt. Since this occurred within a reasonable time, the transfer constitutes a prepetition contemporaneous exchange on January 30, 1986. Therefore, it is not avoidable under Section 549.

This result does not work an undue hardship on the estate in the present case. The Code provides safeguards against unscrupulous attorneys who might take advantage of a debtor's need for prompt service by charging unreasonable legal fees. Section 327, *et seq.,* requires disclosure and court approval of all fees and fee arrangements. If an interested party believes that the fees are excessive, it may bring a motion to reduce the fees paid which, if granted, would force a return of funds to the estate. *See* 11 U.S.C. § 329.

REVERSED.