**QUINN WHOLESALE, INC.,**
**Plaintiff–Appellee,**

v.

**John A. NORTHEN, Trustee in**
**Bankruptcy for Gordon Foods,**
**Inc., Defendant–Appellant.**

**No. 88–1336.**

United States Court of Appeals,
Fourth Circuit.

Argued March 9, 1989.

Decided April 26, 1989.

John A. Northen (Charles T.L. Anderson, Chapel Hill, N.C., on brief), for defendant-appellant.

Michael Edmond Weddington (Amos U. Priester, IV, Raleigh, N.C., on brief), for plaintiff-appellee.

Before HALL and WILKINSON, Circuit Judges, and DOUMAR, United States District Judge for the Eastern District of Virginia, sitting by designation.

K.K. HALL, Circuit Judge:

Appellant is the trustee in the bankruptcy filed by Gordon Foods, Inc. ("Gordon"), a North Carolina corporation which was engaged in a retail grocery business. The bankruptcy court granted summary judgment to the trustee and denied the cross-motion for summary judgment motion by Quinn Wholesale, Inc. ("Quinn"). On appeal to the district court, the bankruptcy

court's order was reversed and the case was remanded for entry of judgment in favor of Quinn. It is from this order that the trustee appeals. We affirm.

The facts of this case are undisputed. Quinn, a grocery wholesaler, delivered inventory to Gordon on a weekly basis; at the time of each delivery, Gordon would pay by check for the previous week's delivery. On December 4, 1986, Quinn delivered its inventory and Gordon tendered a check in the amount of $72,444.62 for the previous delivery. The following day, Gordon filed its petition in the bankruptcy court. On December 9, 1986, Gordon's check was accepted and paid by its bank.

The trustee instituted an adversary proceeding against Quinn to recover the amount of the check. The trustee claimed that the payment constituted a post-petition transfer which was subject to the trustee's avoidance powers under 11 U.S.C. § 549(a)(1). The only question presented is whether the transfer of the $72,444.62 from Gordon to Quinn occurred, for the purposes of the avoidance provisions, on the pre-petition date of delivery of the check or on the post-petition date of payment of the check by Gordon's bank. Relying primarily on a recent opinion by this Court as well as on a case directly on point from the Ninth Circuit, the district court held that the transfer was effected when the check was delivered to the creditor Quinn and, therefore, that such transfer was not subject to avoidance as a post-petition transfer. *In re Continental Commodities, Inc.*, 841 F.2d 527 (4th Cir.1988) (date of delivery of check dispositive for transfers pursuant to 11 U.S.C. § 547(c)); *In re Trois Etoiles, Inc.*, 78 B.R. 237, 16 B.C.D. 698 (B.A.P. 9th Cir.1987). We agree.

We affirm for the reasons set forth by the district court in its memorandum opinion. *Quinn Wholesale, Inc. v. John A. Northen, Trustee in Bankruptcy for Gordon Foods, Inc.*, 100 B.R. 271 (M.D.N.C. 1988).

AFFIRMED