**In re Cathy Jo STRONG a/k/a Cathy Jo Camp, Debtor.**

**Bankruptcy No. 89 B 13943 J.**

United States Bankruptcy Court, D. Colorado.

April 5, 1990.

Connie Brenton, Boulder, Colo., for debtor.

Linda Petrino, U.S. Trustee's Office, Denver, Colo., for U.S. Trustee.

### ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon Debtor's Objection to Trustee's Motion to Turn Over Property. A hearing was held on March 22, 1990, and following are the findings of the Court.

Debtor's Chapter 7 petition was filed on October 13, 1989. Several days prior to this, the Debtor sent to her landlord a check in the amount of $700 as payment

for her October rent. The landlord received this check on October 11, 1989, still prior to the date of her petition. As of the date of her petition, this check had not cleared her bank, and thus her bank account showed a balance of $708.88 as of October 13, 1989. The Trustee has requested turnover of this property as being property of the estate. It is Debtor's position that this $700 was pre-paid rent and is thus exempt property under C.R.S. 38–41–201. At issue in this case is a determination of when rent is "paid"—upon delivery or when the check is honored.

This Court has previously found that transfer in an 11 U.S.C. § 547 action occurs when the check is delivered, not when it is honored. *Snyder v. Getter Trucking, Inc.*, 87 J 580 (Unpublished Opinion dated December 30, 1987.) The Ninth Circuit also found in *In Re Trois Etoiles, Inc.* 78 B.R. 237 (9th Cir. BAP 1987) that the date of delivery of a check was the date of transfer for purposes of a § 549 action. The reasoning in both those cases is equally applicable to a § 542 action. In the commercial world, receipt of a check, as distinguished from the date it clears the drawee bank, is customarily looked upon as the date of payment of an obligation. *Snyder v. Getter Trucking, Inc.* This Court finds that rent is paid upon delivery of a check. Therefore, in the case at bar, Debtor's rent was paid and became exempt property in the form of pre-paid rent on October 11, 1989, the date it was received by her landlord.

ORDERED that the Debtor's Objection to Trustee's Motion to Turn Over Property is sustained and the Trustee's Motion for Turnover is denied.