**In re BELLAMAH COMMUNITY DE-VELOPMENT, a New Mexico general partnership, EID # 85–0296658, Debtor.**

**Stuart D. SHANOR, trustee, Plaintiff,**

v.

**CHAPPELL & BARLOW, a New Mexico professional corporation, Defendant.**

Bankruptcy No. 7–89–01559 M A.
Adv. No. 91–0171 M.

United States Bankruptcy Court,
D. New Mexico.

April 16, 1992.

Nancy S. Cusack, William P. Johnson, Andrew J. Cloutier, Roswell, N.M., for plaintiff.

Stephen P. Curtis, Albuquerque, N.M., for defendant.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on plaintiff's motion for summary judgment. Having considered the briefs, the applicable law, and being otherwise fully informed and advised, the Court finds the motion is well taken and will be granted.

## FACTS

Bellamah Community Development (BCD), filed its petition for relief under chapter 11 of the Bankruptcy Code on June 1, 1989. The defendant is a law firm which performed prepetition services for BCD. BCD paid the defendant the sum of $89,-360.64 by check dated June 1, 1989. The check was honored June 5, 1989. The check was made in payment of approximately sixty invoices for legal services rendered to BCD by defendant on or before May 31, 1989.

## DISCUSSION

Summary judgment is appropriate when there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R.Civ.P. 52 made applicable by Fed. R.Bankr.P. 7052. The facts as stated above are either admitted in defendant's answer or contained in plaintiff's affidavits, which were uncontroverted. Therefore, there are no genuine issues of material fact. The legal question before the Court is whether the date of delivery or the date of honor controls when a transfer occurs for 11 U.S.C. § 549.[1]

■ The trustee's complaint is brought pursuant to § 549[2] and seeks the turnover of the monies paid to defendant by BCD in June of 1989. The trustee brought the complaint under § 549 instead of § 547 because of the Tenth Circuit's decision in *Antweil v. Johnson,* which holds that the date of honor of a check determines the date when a transfer occurs for purposes of § 547(b)[3]. (*In re Antweil*) 931 F.2d 689 (10th Cir.1991), aff'd — U.S. —, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992). Because the Tenth Circuit decided that the date of honor controls for § 547(b) and because the check was honored postpetition, the trustee would not have a cause of action under § 547(b). The trustee argues that the rule must be the same for both sections because to have a date of honor rule for § 547(b) while following a date of delivery rule for § 549 would create a gap period wherein transfers would be unrecoverable for the estate. The Court agrees.

Defendant cites to the Fourth Circuit and the Bankruptcy Appellate Panel of the Ninth Circuit in support of its proposition that the date of delivery rule should control for § 549. *In re Trois Etoiles, Inc.,* 78 B.R. 237 (9th Cir.B.A.P.1987); *Quinn Wholesale, Inc. v. Northen,* 873 F.2d 77 (4th Cir.1989), cert. denied, 493 U.S. 851, 110 S.Ct. 151, 107 L.Ed.2d 109 (1989). In those Circuits, the date of delivery rule controlled for § 547(b). *In re Virginia Information Systems Corp.,* 932 F.2d 338 (4th Cir.1991); *In re Kenitra, Inc.,* 797 F.2d 790 (9th Cir.1986), cert. denied, sub nom. *Robert K. Morrow, Inc. v. Agri–Beef Co.,* 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 980 (1987). Therefore, the two

---

**1.** 11 U.S.C. § 549(a) provides:
(a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—
　(1) that occurs after the commencement of the case; and
　(2)(A) that is authorized only under section 303(f) or 542(c) of this title; or
　(B) that is not authorized under this title or by the court.

**2.** Unless otherwise noted, all statutory cites refer to title 11.

**3.** Section 547(b) is the section of the Bankruptcy Code under which the trustee may avoid prepetition transfers on the basis that they were preferential.

sections were consistent with each other, facilitating the ability of the trustee to recover transfers under either section. The general policy of equal distribution among creditors and the ability of the trustee to recover transfers within 90 days of the petition as well as postpetition transfers was not disturbed by any gap period because the two sections complemented each other. The reading that defendant urges the Court to adopt here would create a period wherein transfers would be unrecoverable. The Court will not adopt such an interpretation.

■ Defendant's second argument is that the check transfer was in the ordinary course. This Court has previously ruled that there is no ordinary course defense to § 549 actions. *American Gypsum Co. v. Grover Trucking Co., (In re American Gypsum Co.)*, 36 B.R. 360, 363 (Bankr. N.M.1984), *accord Quinn Wholesale, Inc. v. Northen*, 100 B.R. 271, 275 (M.D.N.C. 1988), *aff'd* 873 F.2d 77 (4th Cir.1989), *cert. denied*, 493 U.S. 851, 110 S.Ct. 151, 107 L.Ed.2d 109 (1989).

In conclusion, the Court finds that the transfer by check for purposes of § 549 occurs on the date of honor, consistent with the Supreme Court's ruling in *Barnhill v. Johnson, (In re Antweil)*, — U.S. —, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992). Therefore, plaintiff's motion for summary judgment will be granted.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. Fed.R.Bankr.P. 7052. An appropriate order shall enter.