In re The **GEORGE WORTHINGTON COMPANY**, Debtor.

**Brian A. BASH, Trustee, Plaintiff,**

v.

**AMERICAN TOOL COMPANIES, INC., Defendant.**

Bankruptcy No. 91–10641.
Adv. No. 93–1356.

United States Bankruptcy Court,
N.D. Ohio, E.D.

Jan. 10, 1994.

---

**2.** *See Ray v. City Bank and Trust Co. (In re C–L Cartage Co., Inc.)*, 899 F.2d 1490, 1492 (6th Cir. 1990).

Frederic P. Schwieg, Kah, Kleinman, Yanowitz & Arnson Co., Cleveland, OH, for plaintiff.

Michael D. Schenker, Kelley, McCann & Livingstone, Cleveland, OH, for defendant.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

### I.

In this voluntary Chapter 7 proceeding, Brian A. Bash (the Trustee) seeks the recovery of certain preferential transfers made by The George Worthington Company (the Debtor) within the ninety-day period prior to bankruptcy petition filing. Defendant, American Tool Companies, Inc. (ATC) caused to be filed its motion for summary judgment. The issue to be resolved is whether the preferential transfers are avoidable and recoverable by the Debtor's bankruptcy estate.

### II.

The parties orally stipulated at the summary judgment motion hearing that the two payments made by the Debtor with two checks, were made preferentially pursuant to § 547(b) of the Code. Notwithstanding the stipulation, American Tool argued that the preferential payments it received from the Debtor are not avoidable, as an applicable exception to avoidance is available under § 547(c) of the Code.

Generally, where the six elements under § 547(b) have been sufficiently demonstrated by the moving party, the subject transfer is an avoidable preference and, consequently, is recoverable for the benefit of the Debtor's estate pursuant to § 550 of the Code. The only exceptions to such recovery are found under § 547(c). Herein, American Tool alleges that provisions of § 547(c)(4) are applicable to the facts at bar and, effectively, render the preferential payments nonavoidable.

The exception set forth under § 547(c)(4) is commonly referred to as the "substantial new value" rule. Generally, it protects lenders who extend further credit to a financially distressed debtor after a previous debt has been repaid. In pertinent part, § 547(c)(4) provides:

> The trustee may not avoid under this section a transfer to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtors—
>
> (A) not secured by an otherwise unavoidable security interest; and
>
> (B) on account of which new value the debtor did not make an otherwise un-

avoidable transfer to or for the benefit of such creditor.

■ Notwithstanding the above-quoted language, the Bankruptcy Code does not allow all preferential payments made during the preference period to be netted out. Section 547(c)(4) excepts transfers from preference avoidance only to the extent that, after the transfer, the creditor gave new value on an unsecured basis to the debtor. *See, Energy Co-op., Inc. v. Cities Serv. Co.,* 130 B.R. 781, 789-90 (N.D.Ill.1991).

In this matter, the subject transfer of an interest of the Debtor was made by two (2) checks. In order to determine the extent to which new value was given after the transfers by check, it first must be determined when the transfer occurs for purposes of § 547(c)(4). A majority of the appellate courts considering this issue hold that the transfer is made when the check is received by the creditor. *See, Kroh Bros. Devel. Co. v. Continental Constr. Engineers, Inc.,* 930 F.2d 648, 650-51 (8th Cir.1991); *In re Bellanca Aircraft Corp.,* 850 F.2d 1275, 1283-84 (8th Cir.1988); *In re Fasano/Harriss Pie Co.,* 71 B.R. 287, 289 (W.D.Mich.1987); *Leathers v. Prime Leather Finishes Co.,* 40 B.R. 248, 251 (D.Me.1984); *Gold Coast Seed Co. v. Spokane Seed Co.,* 30 B.R. 551, 553 (B.A.P. 9th Cir.1983). *See also, Epstein, et al.,* Bankruptcy, p. 343 (1993).

■ The (c)(4) exception applies on a payment-by-payment basis. Procedurally, the mechanics of (c)(4) are applied in the following manner [1]:

1. First, identify a payment (or other transfer) that is preferential under § 547(b);

2. Then, check to see if the avoidable amount of the preference can be reduced by the amount of later-advanced new value that qualifies under (c)(4);

3. Finally, test new value for qualification under (c)(4) by seeing, if under (c)(4)(A) and (B), it was accompanied by a payment (or other transfer, or was secured) which payment was itself unavoidable.

■ Applying those mechanics to the matter at hand, ATC received a check from the Debtor on December 12, 1990 in the amount of $4,965.00. On the same date, ATC received another check from the Debtor in the amount of $840.84. Undisputedly, both checks were for goods to be delivered by ATC to the Debtor. Subsequently, on December 14, 1990, ATC shipped goods to the Debtor valued at $9,609.73, with shipping terms of "F.O.B. destination". On December 18, 1990, the Debtor received delivery of ATC's goods at the Debtor's Mentor, Ohio location. The Debtor initially filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 4, 1991 but was subsequently converted to Chapter 7 proceedings on July 10, 1991. On June 29, 1993, the Trustee commenced this action to avoid both of the subject payments and recover them for the benefit of the Debtor's estate.

The parties having stipulated that the transfers by check were made preferentially, the next step is to determine whether the avoidable amount of the preference can be reduced by the amount of later advanced new value pursuant to § 547(c)(4). The goods shipped by ATC on December 14, 1990 to the Debtor were shipped subsequent to ATC receiving both checks from the Debtor and also were valued in an amount ($9,609.73) which was substantially greater than the amount of both checks.

■ Throughout the § 547(c) statutory exceptions to an otherwise voidable transfer, where the transferred interest is made by check, the transfer is generally deemed to have occurred when the check was actually delivered to the creditor if the check was paid in due course. *See, In re Kroh Bros.,* 930 F.2d 648, 650-51 (8th Cir.1991), on remand, 131 B.R. 717 (Bankr.W.D.Mo.1991); *In re Jolly N., Inc.,* 122 B.R. 897, 908-09 (Bankr.D.N.J.1991); *In re Wingspread Corp.,* 120 B.R. 8, 11-13 (Bankr.S.D.N.Y. 1990); *In re Amarex,* 88 B.R. 362, 365 (W.D.Okla.1988). For this rule to apply, the parties necessarily must intend to rely on the check as a cash transaction and not when the checks were postdated and were not treated

---

**1.** Warren and Westbrook, *The Law Of Debtors*   *And Creditors,* p. 523 (1991).

as cash by the parties thereon. *See, In re N.Y. City Shoes, Inc.*, 880 F.2d 679, 683–85 (3d Cir.1989); *In re Bob Grissett Golf Shoppes, Inc.*, 78 B.R. 787, 791–92 (Bankr. E.D.Va.1987). It has not been demonstrated that this is a concern in the matter at bar.

In determining whether new value has been given where goods and/or services are provided by the creditor, the majority view is the new value is given when the services are actually rendered or when the goods are actually delivered, rather than when the creditor chooses to calculate the price of the goods or services or to bill for them. *See, Jolly N., Inc., supra* at 908; *In re Camelot Motors Corp.*, 86 B.R. 520, 522 (Bankr.W.D.Mich.1988); *In re Excel Enterprises, Inc.*, 83 B.R. 427, 431 (Bankr.W.D.La. 1988). Adopting the majority view to the matter at hand, the goods delivered by ATC to the Debtor occurred subsequent to ATC's receipt of both checks and constituted substantial new value beneficial to the Debtor.

This result is consistent with the rationale of the (c)(4) exception which rests on the premise that repayment of preferences should not be extracted from helpful creditors who, after the preferential payment, extended new unsecured credit to the debtor and who will suffer in bankruptcy as an unsecured creditor to the extent of that credit. This premise comports with the notion that the preference policy is designed to encourage creditors to work with a financially distressed debtor. *Id.*

The Trustee's reliance on the U.S. Supreme Court's decision in *Barnhill v. Johnson* is misplaced in this matter. —— U.S. ——, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992). That case concerned itself with the time of transfer for purposes of § 547(b). Therein, the Supreme Court held that, for § 547(b) determinations, the time of transfer when transfer is made by check is the point in time when the drawee bank honors the check. For § 547(c)(4) purposes, however, when payment is made by check, the transfer occurs at the time of delivery, as § 547(c)'s exceptions focus on whether opt-out behavior

is taking place, not on whether assets are being taken out of the reach of creditors.[2]

In other respects, provisions of § 547(c)(4)(A) and (B) do not adversely affect the extent of the new value given by ATC. Consequently, the "new value" exception of § 547(c)(4) is properly asserted by ATC, and there remains no genuine issue of material fact to warrant further attention by the Court. Accordingly, judgment for Defendant ATC is proper as a matter of law, (*See* Rule 56(c), Fed.R.Civ.P.) and ATC's motion for summary judgment is hereby granted.

**IT IS SO ORDERED.**

### *JUDGMENT*

At Cleveland, in said District, on this 10th day of January, 1994.

A Memorandum Of Opinion And Order having been rendered by the Court in these proceedings,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion of American Tool Companies, Inc. for summary judgment is granted.

---

**2.** *See,* Baird, D.G., *The Elements Of Bankruptcy,* p. 180, F.N. No. 10 (1993).