**In re NATIONAL ENTERPRISES, INC., Debtor.**

**NATIONAL ENTERPRISES, INC. LIQUIDATING TRUST, Plaintiff,**

v.

**TEE–LOK CORPORATION, Defendant.**

Bankruptcy No. 90–33935–RS.

Adv. No. 93–3022–RS.

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

Nov. 16, 1994.

Robert A. Gouldin, Andrew J. Dolson, Christian, Barton, Epps, Brent & Chappell, Richmond, VA, for plaintiff.

Allan S. Buffenstein, David D. Hopper, Mezzullo & McCandlish, Richmond, VA, for defendant.

### MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes before the Court on the complaint of the National Enterprises, Inc. Liquidating Trust to avoid and recover, pursuant to 11 U.S.C. §§ 547 and 550, a transfer made by the debtor to Tee–Lok Corporation. This is a core proceeding, over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(F) and 1334. The parties have stipulated to the facts, submitted memoranda of law in support of their positions, and waived oral argument. After consideration of the pleadings, the joint stipulations of fact, the written arguments of each party, and upon a review of the relevant law, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The Court finds the following facts, as they have been stipulated to by the parties:

National Enterprises, Inc. (the "debtor" or "NEI") filed its voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, on December 10, 1990. By operation of the Joint Amended Plan of Liquidation, confirmed by the Court on April 2, 1992, the Liquidating Trust (the "Trust") was created and had transferred to it, *inter alia,* all of the debtor's claims for avoidance of transfers under §§ 547 and 550 of the Bankruptcy Code.

September 11, 1990 was the date 90 days before the date of the filing of the debtor's petition. (The period between September 11, 1990 and December 10, 1990 shall be referred to as the "preference period.") On Friday, October 5, 1990, Tee–Lok received the Debtor's check, no. 104008, dated October 3, 1990 (the "check"), in the amount of $10,596.11 (the "transfer"). The check was deposited by Tee–Lok into its bank account on the following Monday, October 8, 1990 and was honored by the debtor's bank on Thursday, October 11, 1990.

The transfer was in payment of four Tee–Lok invoices, dated July 12, July 20, July 23 and July 31, 1990, respectively. The transfer was made to Tee–Lok and was a transfer of an interest of the debtor in property. The transfer was made on account of antecedent debt (the "debt") owed by NEI to Tee–Lok arising out of Tee–Lok's earlier sale of goods to NEI.

At all times during the preference period, Tee–Lok was a creditor of NEI. The transfer was made while the debtor was insolvent. The transfer enabled Tee–Lok to receive more than it would have received if the debtor's case were a case under Chapter 7 of the Bankruptcy Code, the transfer had not been made, and Tee–Lok had received payment of the debt in a distribution under Chapter 7.

Tee–Lok shipped goods with a value of $8,349.47 to the debtor on Wednesday, October 10, 1990 (the "shipment"). Tee–Lok never received payment from the debtor for the shipment. The shipment was not secured by an otherwise unavoidable security interest, and the debtor did not make an otherwise unavoidable transfer to or for the benefit of Tee–Lok on account of the shipment.

By letter dated November 25, 1992, the Trust demanded that Tee–Lok return alleged preferential transfers in the amount of the transfer. The Trust filed its complaint in this adversary proceeding on December 9, 1992, and filed its severed complaint against Tee–Lok on February 10, 1993. The severed complaint asks that the transfer be avoided, and that judgment be granted in favor of the Trust in the amount of the transfer plus interest. Tee–Lok is a proper party-defendant in this adversary proceeding, and was served with the Trust's severed complaint on February 18, 1993. Tee–Lok filed its answer to the severed complaint on March 15, 1993.

### CONCLUSIONS OF LAW

■ The issue before this Court has been well narrowed by the parties' stipulations. Given those stipulations, there has been a transfer by the debtor to Tee–Lok that is a preferential transfer under 11 U.S.C. § 547(b).[1] The trustee, or in this case the Liquidating Trust, may avoid transfers that meet the requirements of § 547(b), subject to the exceptions found in 11 U.S.C. § 547(c). The issue for this Court is whether, under the "new value" or "subsequent value" exception of 11 U.S.C. § 547(c)(4),[2] a transfer by

---

1. The relevant portion of § 547 reads as follows:

   (b) *Except as provided in subsection (c) of this section,* the trustee may avoid any transfer of an interest of the debtor in property—
   (1) to or for the benefit of a creditor;
   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
   (3) made while the debtor was insolvent;
   (4) made—
     (A) on or within 90 days before the filing of the petition; or
     (B) between ninety days and one year before the date of filing the petition, if such creditor at the time of such transfer was an insider; and
   (5) that enables such creditor to receive more than such creditor would receive if—
     (A) the case were a case under chapter 7 of this title;
     (B) the transfer had not been made; and

   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.
   11 U.S.C.A. § 547(b) (West 1993) (emphasis added).

2. The relevant portion of § 547(c) reads as follows:

   (c) The trustee may not avoid under this section a transfer—
   (4) to or for the benefit of a creditor, to the extent that, *after such transfer,* such creditor gave new value to or for the benefit of the debtor—
     (A) not secured by an otherwise unavoidable security interest; and
     (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor.
   11 U.S.C.A. § 547(c)(4) (West 1993) (emphasis added).

check occurs upon delivery of the check to the payee or upon honor of the check by the drawee bank.

The question of when the transfer took place is important to the outcome here because the new value given by Tee–Lok is in the form of the shipment, which took place after delivery of NEI's check, but before NEI's bank honored the check. If this Court adopts the delivery date of the check as the date of the transfer, the shipment would be new value given *after* the transfer. This view would permit the trust to avoid only that portion of the transfer remaining after applying a credit for the new value given by Tee–Lok. If this Court adopts the date of honor as the date of transfer by check, the new value given would have occurred *prior to* the transfer, and the trust could avoid the entire transfer.

The law in the Fourth Circuit and the Eastern District of Virginia seems clear that for the purposes of the § 547(c) exceptions to avoidance, the date of delivery of a check is the date of transfer. *See Durham v. Smith Metal and Iron Co. (In re Continental Commodities, Inc.)*, 841 F.2d 527, 530 (4th Cir. 1988) (for the purposes of § 547(c)(2)(B), a transfer of funds by check is effective on date of receipt as long as the debtor's bank honors it within 30 days); *Quinn Wholesale, Inc. v. Northen*, 873 F.2d 77, 78 (4th Cir.) (employing the date of delivery analysis of *Continental Commodities* to adopt a date of delivery rule for § 549(a)(1)) *cert. denied*, 493 U.S. 851, 110 S.Ct. 151, 107 L.Ed.2d 109 (1989); *O'Donnell v. Progroup, Inc. (In re Bob Grissett Golf Shoppes, Inc.)*, 78 B.R. 787, 792 (Bankr.E.D.Va.1987) (for the purpose of § 547(c)(4), the event of transfer occurs when a check is delivered and subsequently honored as long as the parties intended to rely

on the check as a cash transaction). Indeed, prior to the Supreme Court's decision in *Barnhill v. Johnson*, — U.S. —, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992), the Fourth Circuit had adopted a date of delivery rule for § 547(b), as well as for the § 547(c) exceptions to § 547(b). *See Counts v. Wang Laboratories, Inc. (In re Virginia Information Systems Corp.)*, 932 F.2d 338, 339 (4th Cir. 1991) (applying the rationale of *Continental Commodities* and *Quinn Wholesale* to adopt a date of delivery rule for § 547(b)). This analysis provided a consistent framework in which, for all portions of § 547 and for § 549, transfer by check occurred on the date of delivery.

In *Barnhill*, the Supreme Court held that the date of honor determines the date of transfer for the purposes of § 547(b). — U.S. at —, 112 S.Ct. at 1388. This resolved a split in the circuits on the issue of the date of transfer for § 547(b) purposes. *Id.* The Court specifically declined to express any views on the date of transfer for § 547(c) purposes, but noted that every Court of Appeals to have considered the § 547(c) issue prior to its decision had adopted the date of delivery rule. *Id.*, 112 S.Ct. at 1391 n. 9. Since the time of the *Barnhill* decision, no Court of Appeals has rendered a decision that would alter the date of delivery rule for § 547(c).[3] The date of delivery rule for transfer by check in § 547(c) applied in the Fourth Circuit prior to *Barnhill*, and continues to apply today.

While the Supreme Court in *Barnhill* eschewed the use of legislative history in interpreting § 547(b), and may have cast some doubt upon the use of legislative history to interpret § 547(c), the Fourth Circuit, in *Continental Commodities* and its progeny, has adopted an interpretation of § 547(c) this

---

**3.** It appears that since *Barnhill*, the only Court of Appeals to have ruled on the date of transfer by check for § 547(c) purposes is that of the Sixth Circuit. *See Still v. Fruehauf Corp.*, 1993 WL 264679, 1993 U.S.App. Lexis 18540 (6th Cir. July 13, 1993) (unpublished opinion affirming bankruptcy court's use of date of delivery for § 547(c) even though *Barnhill* mandates date of honor for § 547(b)). This Court also notes that at least one District Court and several Bankruptcy Courts have published post-*Barnhill* opinions adopting a date of honor rule for § 547(b) while retaining a

date of delivery rule for § 547(c). *See, e.g., Jones v. Aristech Chem. Co.*, 157 B.R. 720, 722–723 (N.D.Ga.1993); *Successor Comm. of Creditors Holding Unsec. Claims v. Bergen Brunswig Drug Co. (In re Ladera Heights Community Hosp.)*, 152 B.R. 964, 969 (Bankr.C.D.Cal.1993); *Bash v. American Tool Cos., Inc. (In re George Worthington Co.)*, 163 B.R. 115, 118 (Bankr.N.D.Ohio 1994); *Schilling v. Jackson Oil Co. (In re Transport Associates)*, 171 B.R. 232, 234–235 (Bankr. W.D.Ky.1994).

Court is bound to follow. *Barnhill* leaves us with differing interpretations as to when a "transfer" takes place within § 547 of the Bankruptcy Code, but this result may be desired, given the different purposes of sections (b) and (c).[4]

The Tenth Circuit, for example, adopted a date of honor rule for § 547(b) while leaving intact a date of delivery rule for § 547(c). *Barnhill v. Johnson (In re Antweil)*, 931 F.2d 689 (10th Cir.1991), *aff'd* — U.S. ——, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992). The Supreme Court, in affirming, recognized that § 547(c) provides exceptions to the general rule of § 547(b), which permits recovery of preferential transfers. —— U.S. at ——, 112 S.Ct. at 1391. The Court stated that § 547(c)(1) and § 547(c)(2) are designed to "encourage creditors to continue to deal with troubled debtors on normal business terms by obviating any worry that a subsequent bankruptcy filing might require the creditor to disgorge as a preference an earlier received payment." *Id.*

■ The new value exception of § 547(c)(4) embodies that same purpose of encouraging creditors to continue to deal with an unhealthy debtor. *See In re Bob Grissett Golf Shoppes Inc.*, 78 B.R. at 791; *Kroh Bros. Dev. Co. v. Continental Constr. Eng'rs, Inc. (In re Kroh Bros. Dev. Co.)*, 930 F.2d 648, 650–51 (8th Cir.1991). Given the specialized purpose of § 547(c)(4), this Court sees no basis for ruling that the date of honor rule of § 547(b) applies here. Unlike § 547(c), which protects the debtor, § 547(b) protects creditors by preventing depletions of the bankruptcy estate that would prevent an "equal distribution of the debtor's assets" to those creditors. *In re Antweil*, 931 F.2d at 692.

The § 547(c)(4) exception to avoidance allows a trade creditor to ship new goods to a debtor without having to wait for the debtor's check to clear. After a thorough review of case law, this Court concludes, as Chief Judge Bostetter of this District concluded prior to *Barnhill*, that because § 547(c)(4) is "intended to encourage creditors to continue doing business with a troubled enterprise, generally creditors should be allowed to rely on receipt of a check rather than waiting for it to be honored." *In re Bob Grissett Golf Shoppes Inc.*, 78 B.R. at 791. In addition, the bankruptcy estate is not depleted to the extent that new value, in this case the shipment, replenishes the estate in the amount of the transfer. *In re Kroh Bros.*, 930 F.2d at 652.

Here, Tee–Lok, a trade creditor, waited until it received NEI's check to ship new goods. The check, in the amount of $10,596.11, was received by Tee–Lok on a Friday, deposited for collection in Tee–Lok's account the following Monday, and honored by NEI's bank on Thursday. Tee–Lok shipped goods with a value of $8,349.47 to NEI on Wednesday, just prior to the honor date, but three business days after the check had been delivered. The check was treated as cash, given that it was not post-dated, and was deposited on the first business day after receipt.

This Court holds that the transfer took place on the date of delivery of the check, and that new value in the amount of $8,349.47 was given after that transfer. By stipulation, the other elements of § 547(c)(4) have been met. Therefore, the Trust may avoid only that portion of the transfer for which new value was not provided.

■ The Trust also asks for prejudgment interest. The Fourth Circuit has ruled that it is within the discretion of a Bankruptcy Court to award prejudgment interest in preference actions, and that the interest is to be computed from the date of demand for the return of the funds. *Sigmon v. Royal Cake Co. (In re Cybermech)*, 13 F.3d 818, 822 (4th

---

**4.** This Court notes that pre-*Barnhill* and post-*Barnhill* authors have suggested that the § 547 dichotomy created by using the date of honor for subsection (b) while employing the date of delivery for subsection (c) may best serve the different purposes of those two subsections. *See, e.g.,* Lisa R. Reid, Note, *"Transfers by Check": The 90–Day Rule of Preference Recovery Under Section 547(b)* of the Bankruptcy Code, 1987 Duke L.J. 712, 724; Kenneth D. Ferguson, *Does Payment by Check Constitute a Transfer Upon Delivery or Payment?*, 64 Am.Bankr.L.J. 93, 111–112 (1990); Patricia J. Delk, *Payments by Check as Voidable Preferences: The Impact of Barnhill v. Johnson*, 45 Me.L.Rev. 53, 75 (1993).

Cir.1994). This Court rules that the avoidable portion of the transfer shall be determined by subtracting the $8,349.47 new value given by Tee–Lok from the $10,596.11 transfer made by NEI. The Trust shall be granted judgment in that amount, plus interest from November 25, 1992, the date the Trust made its demand on Tee–Lok for return of the preferential transfer.

The parties are hereby ordered to draft a proposed order that conforms with this Memorandum Opinion and to submit it to this Court within twenty days.