**GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant,**

v.

**Ralph J. VALENTI and Mary Phyllis Valenti, Respondents.**

No. 95–CV–760.

United States District Court,
N.D. New York.

Oct. 13, 1995.

Richard J. Miller & Associates, P.C. (Rudolph J. Meola, of counsel), Albany, New York, for Appellant.

Richard J. Weiskopf, Schenectady, New York, for Respondents.

Andrea E. Celli, Trustee, Albany, New York.

### *MEMORANDUM DECISION AND ORDER*

CHOLAKIS, District Judge.

Appellant General Motors Acceptance Corporation ("GMAC") appeals from the Bankruptcy Court's confirmation of the Chapter 13 Bankruptcy plan of debtors/appellees Ralph and Mary Valenti. The appeal is unopposed, but *not* conceded. GMAC raises two issues on appeal: (1) did the Bankruptcy Court err as a matter of law by failing to determine the present value of GMAC's claim under 11 U.S.C. § 1325(a)(5)(B)(ii), based upon the *market rate* of interest being charged by appellant in the regular course of its business for loans similar to the loan being bifurcated by the debtors' plan; and/or (2) did the Bankruptcy Court err as a matter of law by failing to determine the present value of GMAC's lien under 11 U.S.C. § 506(a), based upon the going concern or *retail value* of GMAC's collateral (*i.e.*, a 1990 Pontiac Bonneville).

As proposed by the debtors, the plan valued GMAC's lien at $6,700.00 with an interest rate of 8%. GMAC objected to this plan, contending that the proper value of its lien was the retail value of its collateral, and that the applicable interest rate should be the market rate being *charged* by GMAC for similar loans. Consistent with L.R. 312(b), which provides that the valuation of motor vehicles shall be the average of trade-in and retail values (with options and mileage) as contained in the Eastern Edition of the N.A.D.A. Official Used Car Guide for the month in which the debtor's petition was filed, the Bankruptcy Court valued the collateral at $6,700.00; and also set the applicable interest rate at 9%.

522

*Standard of Review*

██ A district court hearing an appeal from the bankruptcy court reviews the lower court's findings of fact under the clearly erroneous standard. Fed.R.Bankr.P. 8013. The district Court reviews *de novo* the bankruptcy court's conclusions of law. *Quinn Wholesale, Inc. v. Northen,* 100 B.R. 271, 273 (M.D.N.C.1988), *aff'd,* 873 F.2d 77 (4th Cir. 1988), *cert. denied,* 493 U.S. 851, 110 S.Ct. 151, 107 L.Ed.2d 109 (1989).

*Discussion*

11 U.S.C. § 1325(a)(5)(B)(i) & (ii) provide, *inter alia:*

(a) . . . the court shall confirm a plan if
* * *

(5) with respect to each allowed secured claim provided for by the plan * * *

(B) (i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim

██ Under this section the applicable interest rate has not been set by Congress, rather, that determination has been left for the courts. In that regard, the Second Circuit has stated that "§ 1325 requires *market rate* interest in addition to payments on the allowed secured claim itself." *In re Bellamy,* 962 F.2d 176, 185–86 (2d Cir.1992) (emphasis added). However the relevant *market rate* is not the rate being *charged* by GMAC for similar loans, rather, it is the rate *paid* by GMAC for the funds it borrows. *See* 5 Collier on Bankruptcy ¶ 1325.06(4)(b)(iii)(B) ("the appropriate discount rate is the one which approximates the creditor's cost of funds in its business borrowings." p. 1325–51); *see also* cases cited therein. Accordingly, because it does not appear that the 9% interest rate set by the Bankruptcy Court was outside of the prevailing commercial credit market rates at the time of confirmation, GMAC's appeal of this issue must fail, and the Order of the Bankruptcy Court on this issue is hereby AFFIRMED.

██ Furthermore, having considered the complete Record on Appeal, including the transcript of the April 5, 1995 proceeding before the Hon. John J. Connelly, this Court finds no error in the $6,700.00 valuation of GMAC's collateral. This valuation—determined by Local Rule to be mid-way between the wholesale and retail price of the vehicle in question—is within the range that can be "determined in light of the purposes of the valuation and of the proposed disposition or use of such property[.]" 11 U.S.C. § 506(a); *see also* 3 Colliers on Bankruptcy ¶ 506.04(2) (& cases cited therein at p. 506–36 nn. 48–52). Accordingly, this portion of the Order of the Bankruptcy Court is also AFFIRMED.

**IT IS SO ORDERED.**